**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **NEWSCO INTERNATIONAL ENERGY** | § | **Case No. 19-36767 (MI)** |
| **SERVICES USA,** | § | |
| | § | **Chapter 11** |
| **Debtor** | § | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS  AUTHORIZING DEBTOR TO SELL ACCOUNTS AND OBTAIN
POST-PETITION FINANCING ON A SECURED BASIS**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  A HEARING WILL BE
CONDUCTED ON THIS MATTER ON THURSDAY, DECEMBER 5, 2019
AT 9:00 AM IN COURTROOM 400, FOURTH FLOOR, 515 RUSK,
HOUSTON, TX 77002.  IF YOU OBJECT TO THE RELIEF REQUESTED
OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT
WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR
FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE,
THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND
GRANT THE RELIEF REQUESTED.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtor and debtor-in possession (the *"Debtor"*) files this
motion (the *"Motion"*) pursuant to §§ 105, 362, 363(b), 364(c) and 364(e) of title 11 of
the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, and 6003 of the
Federal Rules of Bankruptcy Procedure (the ***"Bankruptcy Rules"),*** for entry of an
interim order, substantially in the form attached hereto as <u>Exhibit A</u> (the *"Interim Order")*
and a final order (the *"Final Order")* to be submitted to the Court for approval in connection
with the final hearing on the Motion (the *"Final Hearing"),* (i) authorizing the Debtor to
sell accounts and obtain post-petition financing on a secured basis, (ii) scheduling a final

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain
Post-Petition Financing on a Secured Basis

1

hearing, (iii) modifying the automatic stay, and (iv) granting related relief. In support of the Motion, the Debtor would show as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The bases for the relief requested herein are §§ 105, 362, 363(b), 364(c) and 364(e) the Bankruptcy Code and Rules 2002, 4001, and 6003 of the Bankruptcy Rules.

## BACKGROUND

3.     On the date hereof (the "Petition Date"), the Debtor commenced a case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[1]  The Debtor is continuing in possession of its properties and is managing its business as a Debtor in Possession, pursuant to 11 U.S.C. §1107(a) and 11 U.S.C. §1108.

4.     Founded in 2010, Newsco is an enhanced recovery solutions provider to many of the industry's leading upstream exploration and development ("E&P") operators and service companies with annual sales of approximately $20 million per year. Newsco provides "measurement by drilling" services, using patented and proprietary equipment, to supply custom solutions to customers' directional drilling needs. Newsco's services include a full package of well bore design and navigation capabilities. With its proven technology, Newsco collects downhole well bore information in real time and uses that information to

---

[1]     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

direct the trajectory and direction of the drill bit, reducing the customer's drilling time by up to 20%. Newsco has an established presence in the Permian, Delaware and Bakken Basins in the United States.

5.      In March 2017, Newsco was spun off from Marquard & Bahls, a Hamburg, Germany based multinational company whose core lines of business are energy supply, trading and logistics. Newsco inherited an unsustainably high level of fixed costs, legacy leases and debt, and inadequate working capital. Since then, management has improved its service model and quality of service through streamlining its processes and workforce, reducing direct costs by 25% and its selling, general and administrative ("SGA") costs by 40%; but Newsco's turnaround efforts have been hampered by capital constraints in a tight financing market, making it difficult for the company to make the necessary capital investments to take full advantage of the demand for its premium products and specialized services.

6.      Newsco engaged J. Paul Ossa and David Mack with the Pathfinder Group in July 2019 to explore all options to sell or refinance the Debtor. Pathfinder prepared and widely distributed a confidential sales memorandum but were unable to attract offers outside of a Chapter 11 case due to the uncertain state of Debtor's continuing operations. Due, in part, to the burden of legacy debt incurred by the Debtor prior to the 2017 spinoff, the Debtor has been unable to pay its mineral subcontractors on a timely basis, which is potentially jeopardizing the collection of accounts receivable and Debtor's relationships with key customers and creating uncertainty which is unpalatable to buyers outside of a Chapter 11 proceeding.

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

7.      Debtor's cash flow problems were exacerbated when the party factoring its accounts declared a default in June 2019 and exercised its right to collect the proceeds from all accounts, not just the purchased accounts, and eventually refused to allow the release of any funds to the Debtor for payroll and other critical operational expenses.

8.      The previous factor was paid in full in September 2019. There are no liens on Debtor's assets.

9.      Over the last several weeks, Newsco and Pathfinder have reached out to numerous lenders and factors to obtain debtor-in-possession financing but were unable to obtain firm offers on the same or better terms.

10.      Additional information regarding the Debtor and this case, including the Debtor's business, corporate structure, financial condition, and the reasons for and objectives of this case, is set forth in the Declaration of Debtor's COO, Corey Campbell in Support of First Day Pleadings (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein.

## RELIEF REQUESTED

11.      By this Motion, Debtor requests entry of an Interim Order authorizing the Debtor to: (1) enter into the Non-Recourse Factoring and Security Agreement with SouthStar Financial, LLC attached hereto as **Exhibit A** (the *"Factoring Agreement")* and execute such other documents as are reasonable and necessary to consummate the Factoring Agreement; (2) to sell SouthStar Financial, LLC (the "Purchaser") accounts necessary to fund Debtor's operations set forth in the Debtor's 13 week Cash Flow attached as **Exhibit B,** pending the final hearing; (3) granting automatically perfected, first-priority

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

4

liens and security interests to the Purchaser in all assets of the Debtor pursuant to § 363(c) to secure all obligations and indebtedness of the Debtor under the Factoring Agreement; (4) modifying the automatic stay under § 362 (the *"Automatic Stay"*) to allow Purchaser to exercise its rights under the Factoring Agreement; (5) waiving of any applicable stay (including under Bankruptcy Rule 6004) with respect to the effectiveness and enforceability of the Interim Order and providing for the immediate effectiveness of the Interim Order; and (6) scheduling the Final Hearing within thirty (30) days of the entry of the Interim Order and approving notice with respect thereto in accordance with Bankruptcy Rule 4001(c)(2).

12.     Debtor further requests the entry of a Final Order, after notice and hearing, approving the Factoring Agreement and approving related relief.

## CONCISE STATEMENT OF THE MATERIAL TERMS OF THE FACTORING AGREEMENT AND INTERIM ORDER[2]

13.     Pursuant to, and in accordance with, Bankruptcy Rule 4001(b) and (c), the following is a concise statement of the material provisions of the Factoring Agreement:

| Summary of Material Terms of Factoring Agreement | |
|---|---|
| Parties | Seller: Newsco International Energy Services USA<br><br>Purchaser: SouthStar Financial, LLC |

---

[2] This concise statement is qualified in its entirety by reference to the applicable provisions of the Factoring Agreement or the DIP Orders, as applicable.

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

| | |
|---|---|
| Facility | Purchaser advances up to 85% of eligible accounts purchased. Estimated funding for purchased accounts within 30 days is $1,466,772. |
| Cost of Factoring | Seller agrees to pay Purchaser an amount equal to zero and 70/100 percent (0.70%) of the face amount thereof for the first fifteen (15) day period after payment for such Account is transmitted to Purchaser plus zero and 70/100 percent (0.70%) for each additional fifteen (15) day period thereafter, calculated from the date of purchase until payments received by Purchaser in collected funds on said Purchase Account(s) equals the Purchase Price of the Purchased Account(s) plus all Charges due to Purchaser from Seller at the time.  An additional one and 00/100 percent (1.00%) per ten (10) day period will be charged for Invoices exceeding seventy-five (75) days from invoice date. |
| **Use of Proceeds** | To fund post-petition operating expenses and working-capital needs, (b) to pay fees and expenses to the Purchaser in accordance with the Factoring Agreement; (c) to pay permitted pre-petition claim payments (d) to pay Professional Fees and expenses provided for in the and (e) to pay certain other costs and expenses of administration of the Chapter 11 Case. |
| **Collateral** | Purchaser is granted an automatically perfected first priority security interest in all of the Debtor's assets; provided, however, there shall be "carved out" from the Lender's security interest: (i) all professional fees approved by the Court and (ii) statutory United States Trustee's fees. |
| **Defaults and Remedies** | The occurrence of any one or more of the following events shall constitute ("Default") of this Agreement by Seller; (i) the failure of Seller to perform any covenants or agreement contained herein; (ii) any warranty or representation of Seller made herein shall be untrue; (iii) ceases to do business as a going concern, merges with or into any corporation or other legal entity, sells substantially all of its assets, or changes its composition, form of business association or ownership without the prior written consent of Purchaser; (iv) the death of: (a) any Seller, if seller is an individual; (b) an individual operating as a sole proprietorship that is the Seller; (c) any person who owns 25% or more of the economic interest in the Seller or has 50% or more rights to control the operations of the Seller; (d) any guarantor of this Agreement; (v) a tax lien shall be filed against Seller; (vi) Seller defaults under any agreement with any third party material to Seller's business or providing for the lease of real or personal property or the repayment of money; (vii) a judgment shall be entered against Seller which is not promptly satisfied or if a levy or attachment shall be filed against Seller or its property; (viii) if Purchaser reasonably deems itself insecure in its expectation that Seller will fully perform all of its obligations under this Agreement; (ix) Subject to Paragraph 7(a), if another creditor of Seller, its parent or an affiliate of Seller asserts any rights in, claim or security interest against the Seller's Collateral, accounts or other property, including – but not limited to – offset, a security interest, foreclosure or otherwise; (x) Seller enters into any financial accommodation arrangement with any person who collects repayment by debiting a Deposit Account of the Seller; and/or (xi) defaults under any Affiliated Agreements as defined in Subsection c., below.  An event of Default shall not include the non-payment of a Purchased Account due to the insolvency of the Account Debtor for the Purchased Account. |

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

6

| Term | Upon the entry of a Final Order approving the Factoring Agreement, the Term shall be two years and Debtor is required to pay early termination penalties |
| --- | --- |

## BASIS FOR RELIEF

### The Debtor's Prepetition Indebtedness and Financing Alternatives

14.     The Debtor does not currently have any prepetition secured indebtedness.

15.     Based on the Debtor's diligence into potential new funding sources, Debtor has determined that the Factoring Agreement presents the only viable mechanism for providing the liquidity that the Debtor requires to continue its operations. Based on all of the factors described herein, Debtor deemed that it was in the best interests of its businesses, creditors, and other parties-in-interest to commence the Chapter 11 Case with the intent to reorganize the affairs of the Debtor.

16.     After extended good faith, arm's-length negotiations, the Purchaser agreed to provide the factoring on the terms provided in the Factoring Agreement, which is summarized above. The proceeds of the Factoring Agreement, which Debtor estimates will be sufficient to finance these Chapter 11 Cases, will be used (a) for working capital and general corporate purposes of the Debtor and (b) to pay fees and expenses related to the Factoring Agreement and the Chapter 11 Cases.

## ARGUMENT

### Entering into the Factoring Agreement is an Exercise of the Debtor's Sound Business Judgment

17.     The Court should authorize the Debtor to enter into the Factoring Agreement as an exercise of the Debtor's sound business judgment.

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

7

18.     Section 364(c) of the Bankruptcy Code authorizes a debtor to obtain secured financing under certain circumstances as described in greater detail below. Provided that an agreement to obtain secured credit does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code, courts grant debtors considerable deference in acting in accordance with their sound business judgment in obtaining such credit. *See In re Estrada,* 1680003-G3-11, 2016 WL 745536, at *3 (Bankr. S.D. Tex. Feb. 24, 2016) ("In determining whether to approve a motion to obtain credit, courts generally permit debtors in possession to exercise their basic business judgment consistent with their fiduciary duties."); *In re Barbara K Enters., Inc.,* Case No. 08-11474, 2008 WL 2439649, at *14 (Bankr. S.D.N.Y. June 16, 2008) (explaining that courts defer to a debtor's business judgment "so long as a request for financing does not 'leverage the bankruptcy process' and unfairly cede control of the reorganization to one party in interest."); *In re Ames Dep't Stores, Inc.,* 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("Cases consistently reflect that the court's discretion under section 364 [of the Bankruptcy Code] is to be utilized on grounds that permit [a debtor's] reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest."); *In re Farmland Indus., Inc.,* 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003) ("the applicable factors can be synthesized as follows: (1) That the proposed financing is an exercise of sound and reasonable business judgment . . . .").

19.     Prior to the Petition Date, Debtor and its advisors undertook a detailed investigation as to the Debtor's projected financing needs during the pendency of any

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

8

chapter 11 case and determined that Debtor would require post-petition financing to support its operational and restructuring activities. Accordingly, Debtor negotiated the Factoring Agreement with the Purchaser in good faith, at arm's- length, and with the assistance of outside counsel, to obtain the required post-petition financing on terms favorable to the Debtor.

20.     Accordingly, the Debtor and its advisors determined in their sound business judgment that the Factoring Agreement provides a greater amount of financing on more favorable terms than any other reasonably available alternative. As noted above, the Factoring Agreement will provide the Debtor with access to the necessary liquidity, which the Debtor determined should be sufficient to support the Debtor's ongoing operations and reorganization activities through the pendency of the Chapter 11 Cases. Thus, Debtor submits that entering into the Factoring Agreement Documents constitutes an exercise of the Debtor's sound business judgment that should be approved by the Court.

### The Debtor Should be Authorized to Obtain Post-petition Financing on a Senior Secured Basis

21.     Section 364(c)(2) of the Bankruptcy Code authorizes a debtor to obtain, in certain circumstances, post-petition financing on a secured basis, or both. Specifically, section 364(c) provides, in pertinent part, that the Court, after notice and a hearing, may authorize a debtor that is unable to obtain credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code to obtain credit or incur debt secured by a lien on property of the estate that is not otherwise subject to a lien. 11 U.S.C. § 364(c).

### The Debtor Requires Immediate Access to the Cash and Factoring Agreement

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

9

22.    The Court may grant interim relief in respect of a motion filed pursuant to section 363(c) or 364 of the Bankruptcy Code where, as here, interim relief is "necessary to avoid immediate and irreparable harm to the estate pending a final hearing." FED. **R.** BANKR. P. 4001(b)(2) and (c)(2).

23.    The Debtor and its estate will suffer immediate and irreparable harm if the interim relief requested herein is not granted promptly. Debtor believes that the commencement of these Chapter 11 Case will continue to significantly increase its expenses as a result of, among other things, the costs of administering the Chapter 11 Cases and addressing key constituents' concerns regarding the Debtor's financial health and ability to continue operations in light of the Chapter 11 Cases. Accordingly, Debtor has an immediate need for access to liquidity to, among other things, permit the orderly continuation of the operation of their business, to make payroll, and to satisfy other working capital and operation needs, all of which are required to preserve and maintain the Debtor's going concern value for the benefit of all parties in interest.

24.    Accordingly, for all of the reasons set forth above, prompt entry of the Interim Order is necessary to avert immediate and irreparable harm to the Debtor's estate and is consistent with, and warranted under, Bankruptcy Rules 4001(b)(2) and (c)(2). In addition, to implement the terms of the Factoring Agreement, Debtor requests a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h), or otherwise.

## **REQUEST FOR FINAL HEARING**

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

10

25.     Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), Debtor requests that the Court set a date for the Final Hearing that is as soon as practicable and fix the time and date prior to the Final Hearing for parties to file objections to this Motion.

WHEREFORE, Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

DATED:          December 4, 2019
                Austin, Texas

Respectfully submitted,

By:*/s/ Stephen A. Roberts*
**STEPHEN A. ROBERTS**
stephen.roberts@clarkhillstrasburger.com
CLARK HILL STRASBURGER
720 Brazos, Suite 700
Austin, TX 78701
(512) 499-3624- Telephone

and

**HERBERT GILLES**
herbert.gilles@clarkhillstrasburger.com
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, TX 75202
(214) 651-2167 - Telephone

**PROPOSED     ATTORNEYS     FOR DEBTOR NEWSCO INTERNATIONAL ENERGY SERVICES USA**

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

11

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of December 2019, a true and correct copy of this Motion was served upon the parties listed below via CM/ECF and via electronic mail, as indicated.

**Debtor:**
Newsco International
Energy Services USA Inc.
12029 Brittmoore Park Drive
Houston, TX 77041

**Counsel for Debtor:**
Stephen A. Roberts
Clark Hill Strasburger
720 Brazos, Suite 700
Austin, TX 78701
Stephen.roberts@clarkhillstrasburger.com

**Counsel for Debtor:**
Herbert Gilles
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, TX 75202
Herbert.gilles@clarkhillstrasburger.com

**Top Twenty Unsecured Creditors:**
Abaco Drilling Technologies (Basin Tek)
713 Northpark Central, Suite 400
Houston, TX 77073
Mitch.theriot@basintek.com

Paradigm
5707 South 1788
Midland, TX 79706
phillip.garrison@paradigmdownholetools.com

Gator Technologies
415 Rankin Circle North
Houston, TX 77073
mleblanc@gatortechnologies.net

Hill Country Staffing Co.
501 S. Austin Avenue, Suite 1310
Georgetown, TX 78626
Deanna.miller@hillcountrystaff.com

B&T Rentals
PO Box 80962
Lafayette, LA 70598-0962
tvallot@btrentals.com

Moore's Ind. Services Ltd.
3333 – 23 Street N.E.
Calgary, Alberta T2E 6V8
Canada
bcheyne@mooresind.com

Park City
800 Northpark Central, Suite 100
Houston, TX 77073
bferguson@parkcitydt.com

GE Oil & Gas Compression Systems
191 Rosa Parks St., 11th Floor
Cincinnati, OH 45202
Roger.kramer@ge.com

Tycoon Oilfield Services
3468 Schlager Road
Casper, WY 82604
cvermeulen@tycoonoilfield.com

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain Post-Petition Financing on a Secured Basis

12

TURNTEC
4820 Cleveland Street
Mills, WY 82604
banderson@turntecmfg.com

NOV Tuboscope XL
Hardbanding and Fabrication
PO Box 51563
Casper, WY 82605
Anthony.parker@nov.com

NOV National Oilwell Varco
7909 Parkwood Circle Dr. Bldg #2
Houston, TX 77036
Anthony.parker@nov.com

Bico Drilling Tools
1604 Greens Road
Houston, TX 77032
Jay.chatha@bicodrilling.com

Sniper Drilling IAE International
13300 Stonefield Dr.
Houston, TX 77014
kramen@iaenintl.com

Phoenix Technology Services
3610 Elkins Rd
Midland, TX 79705
bphillips@phxtech.com

Salt Creek Properties LLC
(Eastland Development LLC)
PO Box 2390
Casper, WY 82601
mthompson@mcmurry.net

Surface Engineering Alloy Co.
2895 46th Ave North
St. Petersburg, FL 33714
seanl@extremecoatings.net

Stabil Drill
PO Box 81548
Lafayette, LA 70598
Monica.leblanc@stabildrill.com

JPI, LLC
4021 W 39th Street
Casper, WY 82604
Palmer4021@icloud.com

**DIP Lender:**
SouthStar Financial LLC
c/o Lindsey W. Cooper Jr.
The Law Offices of L.W. Cooper Jr.
36 Broad Street
Charleston, SC 29401
lwc@lwcooper.com

*/s/ Stephen A. Roberts*
**STEPHEN A. ROBERTS**

Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Debtor to Sell Accounts and Obtain
Post-Petition Financing on a Secured Basis

13