**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **NEWSCO INTERNATIONAL** | § | **Case No. 19-36767 (DRJ)** |
| **ENERGY SERVICES USA INC.,** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| | § | |

**MOTION FOR ORDER APPROVING COMPROMISE AND**
**SETTLEMENT OF ADVERSARY PROCEEDING 20-03010**

---

**This Motion seeks an order that may adversely affect you. If you oppose the Motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the Motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the Motion at the hearing.**

**Represented parties should act through their attorney.**

---

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

**NOW COMES** Newsco International Energy Services USA Inc. ("Debtor"), and files this *Motion for Order Approving Compromise and Settlement of Adversary Proceeding 20-03010,* pursuant to Fed. R. Bankr. P. 9019 (the "Motion"). By this Motion the Debtor, Plaintiff in the Adversary Proceeding, seeks an order approving the mediated settlement agreement (the "Settlement Agreement") among Debtor and Defendants Nathan LaRue ("LaRue") and Skyline Directional Drilling, LLC ("Skyline"). The Settlement Agreement resolves all issues and settles all claims among the parties.

## I.      JURISDICTION AND VENUE

1.      On December 4, 2019, Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code, thereby commencing this case (the "Bankruptcy Case").

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.      The statutory predicates for the relief requested herein are 11 U.S.C. §362, §542, §548 and §550 of the Bankruptcy Code, and Rules 6004 and 9019 of the Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Such relief requested is also consistent with the Local Rules of Bankruptcy Procedure for the Southern District of Texas (the "Local Rules").

## II.      BACKGROUND FACTS

4.      The Adversary was commenced on January 13, 2020.

5.      In the Adversary, Debtor alleged that it employed Defendant LaRue as an Account Manager, of its Mid-Continental Region, until his resignation on November 17, 2019.  During his employment, Debtor and Defendant LaRue entered into an employment agreement that contained several restrictive covenants, including non-disclosure, non-compete and non-solicitation obligations.  Following his resignation, Debtor asserts that Defendant LaRue began working for Defendant Skyline in a similar and competitive role, in violation of these covenants.  Debtor also alleged that Defendant LaRue prior to his resignation took into his possession a significant amount of confidential information of Debtor, which Debtor understood was being used to compete against it for work from Debtor's clients.  Debtor asserted that Defendants' cumulative actions were a direct injury and loss of its current and future business opportunities.

6.      Debtor alleged, among other things, continuing violations of the automatic stay by both defendants under 11 U.S.C. §362, sought (a) a complaint for turnover of property of the estate

under 11 U.S.C. §542 against Defendant Skyline; (b) avoidance of fraudulent transfers under 11 U.S.C. §548 against both Defendants; (c) recovery of avoided fraudulent transfers pursuant to 11 U.S.C. § 550 against both Defendants; (d) relief for alleged breach of fiduciary duties against Defendant Larue only; (e) a breach of Contract against Larue only; and (f) injunctive relief against Defendants.

7.      On January 14, 2020 a Temporary Restraining Order was entered and a hearing was set on the Application for Preliminary Injunction for January 28, 2020. Thereafter, the parties conducted expedited discovery and worked toward a resolution of the issues. The hearing was continued to February 10, 2020 and then to March 2, 2020.

8.      Although Defendants were not required to file a responsive pleading as of the date of mediation, Defendants would deny the alleged violations and claims asserted by Debtor and would argue that no restrictive covenants existed following Defendant LaRue's resignation, no improper disclosure or use of confidential information occurred, and that no viable claim or damage existed against Defendants.  Further, Defendants would assert any loss of business on behalf of Debtor was due to its own actions.

9.      The parties attended mediation on February 26, 2020 and reached an agreement that resolves all issues and settles all claims among the parties.  A copy of the Settlement Agreement is attached as *Exhibit A.*

### III.      COMPROMISE AND SETTLEMENT AGREEMENT

10.     Under the terms of the Settlement Agreement the parties agreed to certain restrictions on solicitations upon other businesses commencing as of February 26, 2020.  The parties have agreed to continue any hearing on Plaintiff's Temporary Injunction until after notice and hearing on approval of this Motion.  Further, if an Order is entered by the Bankruptcy Court

approving this Motion, the parties have agreed to a mutual release of all claims and causes of action as more fully described therein, for the dismissal of the Adversary, and for each party to bear its own costs.

11.     Approval of the Settlement Agreement will save the Debtor additional costs of litigation, which could be substantial.

## IV.     LAW AND AUTHORITIES

12.     The Debtor believes the proposed Settlement Agreement to be in the best interests of the Debtor's estate and creditors and submits the Settlement Agreement for approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

13.     In ruling on the propriety of the Settlement Agreement, the Court should determine whether the settlement is in the best interests of the bankruptcy estate.  *Connecticut General Life Insurance Co. v. United Companies Financial Corporation (In re Foster Mortgage Corp.)* 68 F.3d 914, 917 (5th Cir. 1995); *United States v. Aweco, Inc. (In the Matter of Aweco, Inc.),* 725 F.2d 293, 298 (5th Cir. 1984), *cert den.* 469 U.S. 880 (1984).

14.     Since the Debtor is not agreeing to pay out money for any disputed claims asserted, it is not necessary for the Court to engage in the three-part test set out by the 5th Circuit Court of Appeals for evaluating whether a settlement is fair, equitable and in the best interests of the estate and creditors which requires consideration of:  (i) the probability of success on the merits, with due consideration for the uncertainty in fact and law; (ii) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (iii) all other factors bearing on the wisdom of the compromise. *See Connecticut General Life Insurance Co. V. United Companies Financial Corporation (In re Foster Mortgage Corp.),* 68 F.3d 917; *In re: Jackson Brewing Co.*, 624 F.2d 609; *see also In re American Reserve Corp.* 941 F.2d 161 (7th Cir. 1987).

Of paramount importance in the determination of reasonableness of a settlement is the interest of creditors.

15.     The Settlement Agreement represents a fair and equitable compromise following arm's length negotiations and is in the best interests of this estate and all creditors.

16.     The Debtor has exercised its business judgment in agreeing to the terms of the Settlement Agreement.  The business judgment test is not a strict standard and merely requires a showing that the proposed transaction will benefit the debtor's estate.  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2d Cir. 1993); see *Lubrizol Enter., Inc. v. Richmond Metal Finishers, Inc.* (*In re Richmond Metal Finishers, Inc.*), 756 F.2d 1043, 1047 (4th Cir. 1985) ("Transposed to the bankruptcy context [from corporate litigation], the [business judgment] rule . . . requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion.").

17.     Bankruptcy Rule 9019(a) provides:

> On Motion by the trustee and after notice and a hearing on notice to the creditors, the United States trustee, the debtor and indenture trustee as provided in Rule 2002 and to such other entities as the court may designate, the court may approve a compromise or settlement.

Rule 9019 empowers the bankruptcy court to approve compromises if they are "fair and equitable" and in the best interest of the bankruptcy estate. *E.g., Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *In re Texaco, Inc.*, 84 B.R. 893, 901 (Bankr. S.D.N.Y. 1988).

18.     The decision to approve or reject a proposed settlement is within the sound discretion of the bankruptcy court, and although a creditor's objection to a proposed compromise is to be considered, such objection is not controlling and will not bar approval when a review of the settlement demonstrates that it does not "fall below the lowest point in the range of

reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983). See also *In re Drexel Burnham Lambert Group*, 134 B.R. at 505; *In re Texaco, Inc., supra*, 84 B.R. at 901-02. Settlements are considered a "normal part of the process of reorganization", and a "desirable and wise method of bringing to a close proceedings otherwise lengthy, complicated and costly.  See *Rivercity v. Herpel* (*In re Jackson Brewing Co.*) 624 F.2d 599, at 602-03 (5th Cir. 1980).

19.     The terms of the Settlement Agreement are fair and equitable, in the best interests of the Debtor's estate, were agreed upon in good faith, and fall squarely within the business discretion of the Debtor.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein by entering an Order approving the settlement agreement, and for such other and further relief to which it may be justly entitled.

March 10, 2020.

Respectfully submitted,

By:  /s/ *Stephen A. Roberts*
**STEPHEN A. ROBERTS**
stephen.roberts@clarkhillstrasburger.com
CLARK HILL STRASBURGER
720 Brazos, Suite 700
Austin, TX 78701
(512) 499-3624- Telephone

**HERBERT J. GILLES**
herbert.gilles@clarkhillstrasburger.com
CLARK HILL STRASBURGER
Texas Bar No. 07925350
901 Main Street, Suite 6000
Dallas, TX 75202
(214) 651-2167

**ATTORNEYS FOR DEBTOR NEWSCO INTERNATIONAL ENERGY SERVICES USA, INC.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Motion was served via CM/ECF to all parties entitled to such notice, and via U.S. first class mail or email to the parties listed below, as indicated, on March 10, 2020:

**Debtor:**
Newsco International
Energy Services USA Inc.
12029 Brittmoore Park Drive
Houston, TX 77041


Herbert Gilles
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, TX 75202
hgilles@clarkhill.com


Internal Revenue Service
Centralized Insolvency Office
PO Box 7346
Philadelphia, PA 19101-7346


United States Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530


Texas Workforce Commission
TWC Building – Regulatory Integrity Division
101 East 15th Street
Austin, TX 78778


Wyoming Secretary of State
Business Division
Herschler Building East
122 W. 25th St., Ste 101
Cheyenne, WY 82002-0020

**Counsel for Debtor:**
Stephen A. Roberts
Clark Hill Strasburger
720 Brazos, Suite 700
Austin, TX 78701
Sroberts@clarkhill.com

**U.S. Trustee:**
Stephen Douglas Statham
Office of US Trustee
515 Rusk, Ste 3516
Houston, TX 77002
stephen.statham@usdoj.gov


United States Attorney, Civil Process Clerk
1000 Louisiana Street #2300
Houston, TX 77002


Texas Comptroller of Public Accounts
Revenue Accounting Division – Bankruptcy
Section
PO Box 13528 Capitol Station
Austin, TX 78711


Wyoming Dept. of Workforce Services
5221 Yellowstone Rd.
Cheyenne, WY 82002


**Top Twenty Unsecured Creditors:**
Abaco Drilling Technologies (Basin Tek)
713 Northpark Central, Suite 400
Houston, TX 77073
James.hanna@abacodrilling.com
(Committee Member)

Gator Technologies
415 Rankin Circle North
Houston, TX 77073
mleblanc@gatortechnologies.net
(Committee Member)

Phoenix Technology Services
3610 Elkins Rd
Midland, TX 79705
bphillips@phxtech.com
(Committee Member)

Hill Country Staffing Co.
501 S. Austin Avenue, Suite 1310
Georgetown, TX 78626
Deanna.miller@hillcountrystaffing.com
rshannon@bn-lawyers.com

Moore's Ind. Services Ltd.
3333 – 23 Street N.E.
Calgary, Alberta T2E 6V8
bcheyne@mooresind.com

GE Oil & Gas Compression Systems
191 Rosa Parks St., 11th Floor
Cincinnati, OH 45202
Roger.kramer@cooperservices.com

TURNTEC
4820 Cleveland Street
Mills, WY 82604
banderson@turntecmfg.com

NOV National Oilwell Varco
7909 Parkwood Circle Dr. Bldg #2
Houston, TX 77036
Anthony.parker@nov.com

Salt Creek Properties LLC
(Eastland Development LLC)
PO Box 2390
Casper, WY 82601
mthompson@mcmurry.net

Park City Drilling
800 North Park Central, Suite 100
Houston, TX 77073
bferguson@parkcitydt.com
(Committee Member)

IAE International, Inc.
13300 Stonefield Dr.
Houston, TX 77014
Dave.howe@iaeintl.com
(Committee Member)

B&T Rentals
PO Box 80962
Lafayette, LA 70598-0962
tvallot@btrentals.com

Sniper Drilling IAE International
13300 Stonefield Dr.
Houston, TX 77014
roxanne@iaeintl.com

Tycoon Oilfield Services
3468 Schlager Road
Casper, WY 82604
cvermeulen@tycoonoilfield.com

NOV Tuboscope XL
Hardbanding and Fabrication
PO Box 51563
Casper, WY 82605
Anthony.parker@nov.com

Bico Drilling Tools
1604 Greens Road
Houston, TX 77032
Jay.chatha@bicodrilling.com

Surface Engineering Alloy Co.
2895 46th Ave North
St. Petersburg, FL 33714
seanl@extremecoatings.net

Stabil Drill
PO Box 81548
Lafayette, LA 70598
Monica.leblanc@stabildrill.com

Paradigm
5707 South 1788
Midland, TX 79706
Phillip.garrison@paradigmdownholetools.com

**Parties Requesting Notice:**
Cynthia Castanon
Stacy & Baker, P.C.
1010 Lamar Street, Suite 550
Houston, TX 77002
Cynthia.castanon@stacybakerlaw.com
*For National Oilwell Varco, L.P*

Benjamin Lusky
Gordon Lusky, LLP
3417 Mercer Street, Suite A
Houston, TX 77027
ben@gordonlusky.com

Montgomery County
c/o Linebarger Goggan Blair
& Sampson, LLP
PO Box 3064
Houston, TX 77253-3064
Houston_bankruptcy@publicans.com

Maria Bartlett
Doré Rothberg McKay, P.C.
17171 Park Row, Suite 160
Houston, Texas 77084
E-mail: mbartlett@dorelawgroup.net

JPI, LLC
4021 W 39th Street
Casper, WY 82604
Palmer4021@icloud.com

**Secured Lender:**
SouthStar Financial LLC
c/o Lindsey W. Cooper Jr.
The Law Offices of L.W. Cooper Jr.
36 Broad Street
Charleston, SC 29401
lwc@lwcooper.com

Brian A. Baker
Stacy & Baker, P.C.
1010 Lamar Street, Suite 550
Houston, TX 77002
Brian.baker@stacybakerlaw.com

Wells Fargo Vendor Financial Services, LLC
c/o Ricoh USA Program f/d/b/a IKON
Financial Services
PO Box 13708
Macon, GA 31208-3708

Michael P. Ridulfo
Kane Russell Coleman Logan PC
5051 Westheimer Road, 10th Floor
Houston, TX 77056
mridulfo@krcl.com

Phillip P. Owens II
OWENS LAW OFFICE, PC
6907 N.W. 122nd Street
Oklahoma City, OK 73142-3903
po@owenslawofficepc.com

Panocean, Inc. d/b/a Road Runner Express
c/o Nima Taherian
701 N. Post Oak Rd., Suite 216
Houston, TX 77024
Email: nima@ntaherian.com

Ted L. Walker
THE WALKER FIRM
125 N. Main
P.O. Box 62
Jasper, TX 75951
twalker@walker-firm.com

Mr. Nathan LaRue
755 W. Valley Terrace Circle
Burleson, TX 76028

Skyline Directional Drilling, LLC
2524 S Ann Arbor
Oklahoma City, OK 73128

E. Michelle Bohreer
Pritesh Soni
Bohreer Law Firm PLLC
109 Post Oak Ln, Suite 425
Houston, TX 77024
Email: michelle@bohreerlaw.com
Email: pritesh@bohreerlaw.com

Justin W. R. Renshaw
Renshaw PC
2900 Weslayan, Suite 230
Houston, TX 77027
justin@renshaw-law.com

Ms. Deirdre Carey Brown
HooverSlovacek LLP
Galleria Office Tower 2
5051 Westheimer Rd., Suite 1200
Houston, TX 77056
brown@hooverslovacek.com

Mr. Johnie Patterson
Walker & Patterson, PC
PO Box 61301
Houston, TX 77208
jjp@walkerandpatterson.com

/s/ *Stephen A. Roberts*
**Stephen A. Roberts**

# EXHIBIT A

## Mediated Settlement Agreement

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br>**NEWSCO INTERNATIONAL ENERGY**<br>**SERVICES USA INC.; fka NEWSCO USA**<br>Debtor(s) | §<br>§<br>§<br>§<br>§<br>§ | **CASE NO: 19-36767**<br><br>**CHAPTER 11** |
| **NEWSCO INTERNATIONAL ENERGY**<br>**SERVICES USA INC.**<br>Plaintiff(s)<br><br>VS.<br><br>**NATHAN LARUE,** *et al.,*<br>Defendant(s) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **ADVERSARY NO. 20-3010** |

## MEDIATED SETTLEMENT AGREEMENT

On February 26, 2020, the above referenced matter was mediated by the Hon. Eduardo V. Rodriguez, United States Bankruptcy Judge for the Southern District of Texas in his capacity as a Judicial Mediator. This Mediated Settlement Agreement ("*Agreement*" or "*Settlement Agreement*") is entered into by and among Nathan LaRue ("*LaRue*"), Skyline Directional Drilling, LLC ("*Skyline*"), and Newsco International Energy Services USA, Inc. ("*Newsco*"), (collectively the "Parties") whose signatures appear at the end of this document and resolves all disputes related to the matters referenced herein. The Parties agree as follows:

WHEREAS, the Parties desire to resolve their disputes and have agreed to fully settle and compromise any and all claims between the Parties.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

### I. Terms

1. Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of all disputed claims arising from the above referenced adversary proceeding and have documented the agreement in this Settlement Agreement. No action taken by Parties, either previously or in connection with this Settlement Agreement will be deemed or construed to be (i) an admission of truth or falsity of any claims heretofore made or (ii) an acknowledgement or admission by any Party or any fault or liability whatsoever to any Party or any third Party. Any settlement set forth herein is subject to Bankruptcy Court approval.

2.      This Agreement is intended to be binding and enforceable upon the Parties immediately and agree that all formal documents and all formal orders by the Bankruptcy Court will not change the material and essential terms of this Agreement.

3.      A Rule 9019 Motion will be filed by Newsco on or before March 16, 2020. What follows is the specific agreement of the Parties:

      i.      The following restrictions on solicitations and other business shall begin on February 26, 2020 and shall terminate on midnight, October 15, 2020, and unless otherwise provided, shall extend only to New Mexico and West Texas.

          a. Skyline and LaRue agree not to bid or work on more than four (4) rigs contracted by Devon Energy in West Texas or New Mexico;

          b. Skyline and LaRue shall not solicit or bid any directional drilling contracts or MWD Rental Contracts with XTO Energy in West Texas or New Mexico;

          c. Skyline and LaRue shall not solicit or bid any directional drilling contracts or MWD Rental Contracts with High Peak in West Texas or New Mexico;

          d. Neither Skyline nor LaRue shall contact Travis Visitew with EOG Resources;

          e. LaRue shall not contact Travis Visitew, James Griffin or Peter Tan;

          f. LaRue shall not solicit or bid any rig contracts with Marathon Oil.`

          g. Nothing contained in this Agreement shall impair Skyline or LaRue from renting motors to any and all entities, with no geographic limitations;

          h. Skyline and LaRue shall refrain from renting MWD's;

          i. Skyline and LaRue shall delete all emails in its possession that relates to Newsco. Skyline shall provide confirmation of the deletion to Stephen Roberts at sroberts@clarkhill.com on or before the thirtieth day following the entry of the order approving this Agreement by the Bankruptcy Court.

     ii.      Nothing contained herein shall limit or restrict Skyline from having, applying for or seeking MSA's with any entity or prospective customer.

    iii.      Accept as stated above, neither Skyline nor LaRue are restricted in any other manner or way in the conduct of their business.

4.      Each party shall bear their own attorney's fees and costs.

5.      The Parties shall jointly agree to request the Court to continue the hearing on the Plaintiff's Temporary Injunction until after notice and hearing on the to be filed 9019 Motion.

6.      Within thirty (30) days after entry of the order approving this Settlement, the Parties shall coordinate the dismissal of the pending adversary, with prejudice

7.      Upon the entry of an order by the Bankruptcy Court approving the 9019 Motion to Compromise to which this Agreement will be an exhibit, Parties mutually release each other from any claims and causes of action, as more fully described herein.

8.      The Bankruptcy Court will retain exclusive jurisdiction related to all issues concerning performance of the Agreement.

9.   Any disagreement as to appropriate terms, conditions or other provisions of the final agreement shall be submitted to the Mediator for a final decision as to inclusion or exclusion of the disputed provisions, or as to the appropriate.

10.  If the settlement is denied by the Bankruptcy Court or the order approving the settlement motion is later overturned, reversed, set aside, vacated, or otherwise determined to be null and/or void, Parties agree that the Parties shall be allowed to withdraw their statements and agreement set forth in this Agreement and any related motions filed with the Bankruptcy Court, and may not be used against either of the Parties in any motions or at trial on the merits in this lawsuit or any other lawsuit.

11.  **Default.**  Should any Party believe or assert that any other Party is in default of this Agreement, the Party asserting the default shall give the other parties written notice of the alleged default.  Notice shall be as provided in the signature blocks to this Agreement.  The alleged defaulting party(ies) shall have fourteen (14) days to respond to the assertion of the default.  If after fourteen (14) days of the delivery of the Notice of Default, no resolution is obtained by the Parties, the dispute/default shall be referred to the original Mediator in this matter, Bankruptcy Judge Eduardo V. Rodriguez for resolution.  Should the Honorable Rodriguez not be available for any reason, the matter shall be referred to any other Bankruptcy Judge for the Southern District of Texas that agrees to mediate the alleged default.  The subsequent mediation of any alleged default shall include the resolution of any alleged damages incurred by the default.

12.  **Release by Defendant(s).**  For good and valuable consideration, the sufficiency of which is acknowledged, LaRue and Skyline (the "Defendants"), and each of their respective legal representatives and assigns, and anyone claiming by, through, or under either of them or any combination of them, hereby irrevocably and unconditionally release and forever discharge Newsco, its successors, assigns, and each of its officers, directors, agents, servants, representatives and counsel, in their capacity as such, from any and all actions, causes of action, claims, suits, accounts, covenants, debts, demands, agreements, damages, liabilities, or obligations whatsoever of every name and nature, whether at law or in equity, whether in contract or tort or by statute or on any other basis, which the Defendants or their respective predecessors, successors or assigns now have, ever had or may hereafter have, arising out of or in connection with, the Bankruptcy Case.  Nothing herein shall prevent either Party hereto from enforcing the terms of the 9019 Motion.

13.  **Release by Plaintiff(s).**  For good and valuable consideration, the sufficiency of which is acknowledged, Newsco, and each of its respective legal representatives and assigns, and anyone claiming by, through, or under any of them or any combination of them (the "Plaintiff"), hereby irrevocably remises, unconditionally releases and forever discharges the Defendants, their predecessors, successors, assigns, and each of their past and present officers, directors, agents, servants, representatives and counsel, in their capacity as such, from any and all actions, causes of action, claims, suits, accounts, covenants, debts, demands, agreements, damages, liabilities, or obligations whatsoever of every name and nature, whether at law or in equity, whether in contract or tort or by statute or on any other basis, known or unknown, suspected or unsuspected, which the Plaintiff or its predecessors, successors or assigns now have, ever had or may hereafter have, arising out of or in

connection with, the Bankruptcy Case. Nothing herein, however, shall prevent either Party hereto from enforcing the terms of the 9019 Motion.

14. **Compromise of Claims**. It is understood and agreed that this is a compromise of disputed claims and that the consideration transferred herein is to compromise disputed claims, avoid litigation, and buy peace, and that nothing contained herein shall be construed as an admission of liability by, or on behalf of, any Parties to the 9019 Motion, any and all such liability being expressly denied.

15. **Representations and Warranties**. The Parties warrant and represent:

    a.      that each party has the full right and authority to enter into this Mediated Settlement Agreement and that each party signing the Mediated Settlement Agreement is authorized to do so;

    b.      that they are the current legal and beneficial owners of all claims, liabilities, and/or causes of action released by virtue of the Mediated Settlement Agreement ;

    c.      that they have read and understood all aspects of the Mediated Settlement Agreement, and of its effects; and

    d.      that they will have executed the Mediated Settlement Agreement as a free and voluntary act of their own free will without any threat, force, fraud, duress, or coercion of any kind.

16. **Miscellaneous**.

    a.      Binding Effect and Benefit. The Mediated Settlement Agreement shall inure to the benefit of, and shall be binding upon, the Parties and their respective heirs, executors, administrators, personal representatives, successors and assigns.

    b.      Modification. No provision contained herein may be modified, amended or waived except by written agreement or consent signed by the Party to be bound thereby.

    c.      Headings and Captions. Subject headings and captions are included for convenience purposes only and shall not affect the interpretation of this Mediated Settlement Agreement.

    d.      Entire Agreement. Mediated Settlement Agreement constitutes the entire agreement of the Parties and supersedes any and all other prior agreements, oral or written, with respect to the subject matter contained herein.

    e.      Governing Law. The Mediated Settlement Agreement shall be governed by the laws of the State of Texas, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule, regulation or principle that would result in the application of any other state's law.

f.   Indemnification. Each Party agrees to indemnify the other for any and all costs incurred as a result of any breach of any representation, warranty or covenant set forth in the Mediated Settlement Agreement, including, without limitation, court costs and reasonable attorneys' fees.

g.   Expenses. Each party shall pay its own respective legal and other professional fees and other expenses incurred in connection with the matters addressed herein.

h.   Severability. In the event that any part of this Mediated Settlement Agreement shall be found to be illegal or in violation of public policy, or for any reason unenforceable at law, such finding shall not invalidate any other part hereof.

i.   Jurisdiction. Should any disagreement arise out of the interpretation or enforcement of this Term Sheet, the Bankruptcy Court for the Southern District Of Texas shall maintain jurisdiction over any disputes which arise between the Parties.

THE AGREEMENTS MADE IN THIS THIS MEDIATED SETTLEMENT AGREEMENT ARE NOT SUBJECT TO REVOCATION AND ARE SIGNED BY ALL PARTIES AND THEIR ATTORNEYS, WHO WERE PRESENT AT THE TIME THAT THEIR RESPECTIVE CLIENTS SIGNED THIS MEDIATED SETTLEMENT AGREEMENT.

BY THE SIGNATURES BELOW, WE ACKNOWLEDGE THAT THIS MEDIATION WAS CONDUCTED IN ACCORDANCE WITH THE *TEXAS CIVIL PRACTICE AND REMEDIES CODE* AND OTHER APPLICABLE STATE LAWS, AND THAT THE JUDICIAL MEDIATOR IS NOT AN ADVOCATE FOR EITHER PARTY. WE ALSO ACKNOWLEDGE THAT WE ARE FREELY ENTERING INTO THIS AGREEMENT, AND THAT THERE WAS NO DURESS OR UNDUE INFLUENCE BY THE MEDIATOR OR ANY ATTORNEY OR PARTY DURING THIS MEDIATION.

WE FURTHER ACKNOWLEDGE THAT THE JUDICIAL MEDIATOR ASSISTED IN THE PREPARATION OF THIS RECORD OF OUR AGREEMENT AT OUR REQUEST. WE UNDERSTAND THESE TERMS AND ACKNOWLEDGE THAT WE VOLUNTARILY RESOLVED AND/OR CLARIFIED THE ISSUES IN DISPUTE AND HOLD THE JUDICIAL MEDIATOR HARMLESS FOR OUR AGREEMENT. PURSUANT TO THE *TEXAS CIVIL PRACTICE AND REMEDIES CODE*, THIS MEDIATION IS CONFIDENTIAL. ALL RECORDS, REPORTS, OR OTHER DOCUMENTS RECEIVED BY THIS JUDICIAL MEDIATOR AND ADMINISTRATIVE ENTITY (ODR) ARE CONFIDENTIAL AND SHALL BE DESTROYED BY THE JUDICIAL MEDIATOR.

FURTHERMORE, WE AGREE THAT ANY PARTY VIOLATING THE CONFIDENTIALITY REQUIREMENTS OF STATE LAW, LOCAL RULES IN THE ABOVE-STYLED CASE, AND ANY ORDER REFERRING THIS CASE TO MEDIATION MAY BE REQUIRED TO PAY ALL FEES AND EXPENSES INCLUDING REASONABLE ATTORNEY'S FEES INCURRED IN OPPOSING THAT PARTY'S EFFORTS TO COMPEL TESTIMONY OR PRODUCTION OF RECORDS IN CONNECTION WITH THIS MEDIATION.

THE SIGNATURES BELOW AFFIRM THIS IS A WRITTEN SETTLEMENT AGREEMENT AS CONTEMPLATED BY SECTION 154.071 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND RULE 11 OF THE TEXAS RULES OF CIVIL PROCEDURE.

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed on their behalf by the signatures of their duly authorized representatives below.

by:
Newsco International Energy Services USA Inc.
*Plaintiff*
12029 Brittmoore Park Drive
Houston, TX 77041

Stephen A Roberts
Clark Hill Strasburger
720 Brazos Street
Ste 700
Austin, TX 78701
Ph: 512-499-3600
Fax: 512-499-3660
Em: sroberts@clarkhill.com

Nathan LaRue
*Defendant*
755 W. Valley Terrace Circle
Burleson, TX 76028

Deirdre Carey Brown
HooverSlovacek LLP
Galleria Office Tower 2
5051 Westheimer Rd., Suite 1200
Houston, TX 77056
Office: 713-977-8686
Fax: 713-977-5395
www.hooverslovacek.com

by:
Skyline Directional Drilling, LLC
*Defendant*
2524 S Ann Arbor
Oklahoma City, OK 73128

Johnie Patterson
Walker & Patterson, PC
PO Box 61301
Houston, TX 77208
Ph: 713-956-5577
Fax: 713-956-5570
Em: jjp@walkerandpatterson.com