

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
01/27/2021

| | § | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **NEWSCO INTERNATIONAL ENERGY** | § | **Case No. 19-36767 (DRJ)** |
| **SERVICES USA INC.,** | § | |
| Debtor. | § | |

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING
DISLOSURE STATEMENT AND CONFIRMING
THE DEBTOR'S AMENDED PLAN OF REORGANIZATION**

---

This Court having considered the testimony and evidence presented at the hearing held on January 26, 2021 (the "Confirmation Hearing") and having reviewed the *Disclosure Statement of Newsco International Energy Services USA, Inc. Under 11 U.S.C. §1125* filed on November 19, 2020 [ECF#204] and *Debtor's Supplement to Disclosure Statement* filed on December 15, 2020 [ECF#213] (collectively, the "Debtor's Disclosure Statement") and the *Debtor's Amended Plan of Reorganization* filed on January 25, 2021 [ECF#225] (the "Plan")[1] and, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefore, the Court hereby makes and issues the following Findings of Fact, Conclusions of Law, and Orders:

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Plan.

## I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

### A.    Jurisdiction and Venue.

1.    The Debtor commenced this chapter 11 case (the "Chapter 11 Case") on December 4, 2019 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Venue in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court") was proper as of the Petition Date pursuant to 28 U.S.C. §§1408 and 1409 and continues to be proper during the Chapter 11 Cases.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2) (L) of title 28 of the United States Code.  The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### B.    Eligibility for Relief.

2.    The Debtor is an entity eligible for relief under § 109 of the Bankruptcy Code.

### C.    Judicial Notice.

3.    The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for confirmation) the docket of the Chapter 11 Case maintained by the clerk of the applicable court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the court during the pendency of the Chapter 11 Case.  Any resolutions of objections to confirmation explained on the record at the Confirmation Hearing are hereby

incorporated by reference.  All unresolved objections, statements, and reservations of rights are overruled on the merits.

**D.    Transmittal and Mailing of Materials; Notice.**

4.    Due, adequate and sufficient notice of the Disclosure Statement, Plan, and Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan, have been given and no other or further notice is or shall be required.

**E.    Final Approval of the Disclosure Statement.**

5.    The Court entered its *Order on Emergency Motion of Debtor for Conditional Approval of Disclosure Statement with Deadlines Relating to Voting, Objections, and Confirmation of Debtor's Plan* on November 23, 2020 [ECF#206] and there have been no objections filed to the Debtor's Disclosure Statement. The Court finds that the Disclosure Statement and the Amended Plan contain adequate information for each class of creditors in this case to make an informed judgment about the Amended Plan in accordance with 11 U.S.C. §1125.

**F.    Solicitation.**

6.    Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with §§ 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code. Such transmittal and service were adequate and sufficient, and no further notice is or shall be required.

**G.    Voting Certification.**

7.    The tabulation of the ballots was conducted in accordance with the Bankruptcy Code. As evidenced by the Ballot Summary filed by the Debtor, every class of Creditors whose rights are impaired under the Plan voted to accept the Plan.

**H.      Compliance with the Requirements of § 1129 of the Bankruptcy Code.**

      **(i)      Section 1129(a)**

8.      The Plan complies with all applicable provisions of § 1129(a) of the Bankruptcy Code.

      **(ii)      Section 1129(b)**

9.      The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims that is impaired, and has not accepted, the Plan and complies with § 1129(b)(2)(A) of the Bankruptcy Code.

      **(iii)      Section 1129(c)—Only One Plan.**

10.      Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Case. Accordingly, the requirements of § 1129(c) of the Bankruptcy Code have been satisfied.

      **(iv)      Section 1129(d)—Principal Purpose of the Plan Is Not Avoidance of Taxes.**

11.      No Governmental Unit has requested that the Bankruptcy Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act. As evidenced by its terms, the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of § 1129(d) of the Bankruptcy Code.

**I.      Satisfaction of Confirmation Requirements.**

12.      The Plan satisfies the requirements for confirmation set forth in § 1129 of the Bankruptcy Code.

**J.      Good Faith.**

13.      The Debtor, Sawafi and their respective principals, agents, financial advisers, attorneys, employees, affiliates, and representatives have been, are, and will continue to act in

good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby, including, without limitation, the Stock Purchase Agreement; and (b) take the actions authorized and directed by the Confirmation Order.

**K.    Implementation.**

14.    All documents and agreements necessary to implement the Plan including, without limitation, the Stock Purchase Agreement (and all related documents and agreements pertaining to the transactions contemplated in connection therewith), and all other relevant and necessary documents, have been negotiated in good faith, at arm's length, for fair value, and are in the best interests of the Debtor and the Reorganized Debtor and shall, upon completion of documentation and execution be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law.

**L.    Plan Amended by this Order.**

15.    The Plan is hereby modified by:

a.    the addition of the following paragraph:

8.07 **Preservation of Rights**. For the avoidance of doubt, the setoff and/or recoupment rights of AIG Property Casualty, Inc. and its affiliates, including American Home Assurance Company, if any, are reserved notwithstanding any provisions to the contrary in the Disclosure Statement, Plan and/or the Confirmation Order and shall be determined in accordance with applicable law; and

b.    the addition of the following paragraph at the end of Article VII:

Notwithstanding any provision in this Plan, all Executory Contracts which are identified as being assumed in the Confirmation Order shall be assumed as of the Effective Date of the Plan. At any time after the entry of the Confirmation Order but before the Effective Date, the Debtor may reject an Executory Contract identified as an Executory Contract to be assumed under the Plan by giving written notice to the counterparty to such Executory Contract and such Executory Contract shall be deemed to not have been assumed under the Plan and will be deemed to be rejected as of thirty days after confirmation of the Plan.

c.      the addition of the following paragraph:

4.12    Following the Effective Date, the Reorganized Debtor shall, upon reasonable notice, afford the Trustee reasonable access (including the right to make, at the Creditors' Trust's expense, photocopies), during normal business hours, to such books and records of the Debtor that are reasonably requested by the Trustee and relating to periods before the Effective Date, in order for the Trustee to perform his duties under the Trust Agreement.

d.      the addition of the following paragraph:

15.04(c) **Timing of Payments**. All payments or distributions to be made by or to the Debtor or by the Distribution Agent which are required to be made on the Effective Date of the Plan may be made as soon as practicable after the Effective Date

### M.      Plan Amendments Following Solicitation.

16.     The amendments to the Plan, including the modifications in this Order, do not (i) constitute material modifications of the Plan under section 1127 of the Bankruptcy Code, (ii) require additional disclosure under section 1125 of the Bankruptcy Code, (iii) cause the Plan to fail to meet the requirements of sections 1122 or 1123 of the Bankruptcy Code, (iv) materially and adversely change the treatment of any Claims or Equity Interests, (v) require re-solicitation of any holders of Claims or Equity Interests, or (vi) require that any such holders be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of a Claim or Equity Interest who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan to the extent modified by the amendments thereto, and no holder of a Claim or Equity Interest that has voted to accept the Plan shall be permitted to change its acceptance to a rejection as a consequence thereof.

## II.      ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

17.      <u>Order</u>.  The Disclosure Statement and the Plan are hereby approved.

18.      <u>Objections</u>.  To the extent that any objections, reservations of rights, statements, or joinders to confirmation have not been withdrawn, waived, or settled prior to entry of the Confirmation Order or otherwise resolved as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits.

19.      <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and the conclusions of law stated in the Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

20.      <u>Confirmation of the Plan</u>.  The Plan and each of its provisions are confirmed in each and every respect pursuant to § 1129 of the Bankruptcy Code.  The documents referenced in the Plan and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto, and the execution, delivery, and performance thereof by the Debtor is authorized and approved as finalized, executed, and delivered.  Without further order or authorization of the Bankruptcy Court, the Debtor is authorized and empowered to make all modifications to all documents included as part of the Plan that are consistent with the Plan.  As set forth in the Plan, once finalized and executed, the documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

21.    <u>Corporate Existence</u>.   Except as otherwise provided in the Plan (including, without limitation, the transactions contemplated thereunder), the Debtor shall continue to exist as of the Effective Date with all the powers of a corporation under the applicable laws of the jurisdiction in which the Debtor is incorporated or formed and under its certificates of incorporation and bylaws (or other formation documents) in effect prior to the Effective Date, except to the extent such certificates of incorporation and bylaws (or other formation documents) are amended under or pursuant to the Plan, and to the extent such documents are so amended, they require no further action or approval, except for those expressly required under the Plan, notwithstanding any state or federal law that could potentially be construed to require such rights to be afforded.

22.    <u>Vesting of Assets in the Reorganized Debtor</u>.   Except as otherwise expressly provided in the Plan, on the Effective Date, all property in the Estate shall vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges, or other encumbrances.

23.    <u>Release of Liens and Claims</u>.   To the fullest extent provided under section 1141(c) and other applicable provisions of the Bankruptcy Code, on the Effective Date and concurrently with the applicable distributions made under the Plan, all Liens on and Claims against the assets or property of the Debtor or the Estate shall be fully released, canceled, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person or Entity.  The filing of this Confirmation Order with any federal, state, or local agency or department shall constitute good and sufficient evidence of, but shall not be required in order to effect, the termination of such Liens or Claims and other interests to the extent provided in the immediately preceding sentence.

24. <u>Filing and Recording</u>. This Confirmation Order is, and shall be, binding upon and shall govern the acts of all persons or entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.

25. <u>Distributions</u>. On or after the Effective Date of the Plan, the Distribution Agent and the Creditors' Trust, as applicable, shall make all distributions and payments required under the Plan from the Plan Contribution and the proceeds of the Transferred Causes of Action, if any, including, without limitation, all distributions and payments to holders of Allowed Administrative Claims, Allowed Cure Claims, Allowed Tax Claims, and Allowed General Unsecured Claims.

26. <u>Issuance of New Equity Interests</u>. On or promptly following the Effective Date, the Reorganized Debtor shall be authorized, to issue or cause to be issued, all of the New Equity Interests issued or issuable in accordance with the terms of the Plan. The issuance of the New Equity Interests under the Plan is authorized without the need for further corporate action, and all of the shares of New Equity Interests issued or issuable under the Plan shall be duly authorized and validly issued, fully paid, and non-assessable.

27. <u>Exemption from Securities Laws</u>. The issuance and distribution of New Equity Interests issued under the Plan shall be exempt from registration under the Securities Act and any other applicable securities laws pursuant to section 1145 of the Bankruptcy Code. The New Equity Interests may be resold without registration under the Securities Act or other federal

securities laws pursuant to the exemption provided by section 4(a)(1) of the Securities Act, unless the holder is an "underwriter" with respect to such Equity Securities, as that term is defined in section 1145(b) of the Bankruptcy Code.  In addition, such section 1145 exempt securities generally may be resold without registration under state securities laws pursuant to various exemptions provided by the respective laws of the several states.

28.     Corporate Action.

a.      Pursuant to section 1142(b) of the Bankruptcy Code and any applicable state law, the Debtor, the Reorganized Debtor and/or any other applicable Entity may take any and all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan, without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, equity owners, creditors, members, managers, officers or directors of the Debtor, the Reorganized Debtor or other applicable Entity or by any other Person.

b.      Prior to, on or after the Effective Date (as appropriate), all matters provided for pursuant to the Plan that would otherwise require approval of the security holders, equity owners, creditors, directors, officers, managers or members of the Debtor (prior to the Effective Date) shall be deemed to have been so approved and shall be in effect prior to, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the security holders, equity owners, creditors, directors, officers, managers or members of the Debtor, the Reorganized Debtor or other applicable Entity, or the need for any approvals, authorizations, actions or consents of any Person.

29.     Executory Contracts and Unexpired Leases.

a.      The Debtor has exercised reasonable business judgment in determining whether to assume or reject each of the Executory Contracts as set forth in the Plan or this Confirmation Order, and such determination is hereby approved.  On the Effective Date, all Executory Contracts of the Debtor shall be rejected by the Reorganized Debtors in accordance with the provisions of sections 365 and 1123 of the Bankruptcy Code, except for those Executory Contracts that:

     **(i)**     have already been assumed or rejected by the Debtor by prior order of the Bankruptcy Court;

     **(ii)**     are the subject of a separate assumption motion or motion to reject filed by the Debtor by, and pending on, the Effective Date;

     **(iii)**     are the subject of a pending objection regarding assumption, cure, or "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code); or

     **(iv)**     are set forth on **<u>Exhibit A</u>** to this Confirmation Order and, therefore, assumed pursuant to the terms of the Plan as of the Effective Date of the Plan, subject to paragraph 29(b).

b.     Notwithstanding any provision in this Plan, all Executory Contracts which are identified as being assumed in the Confirmation Order shall be assumed as of the Effective Date of the Plan. At any time after the entry of the Confirmation Order but before the Effective Date, the Debtor may reject an Executory Contract identified as an Executory Contract to be assumed under the Plan by giving written notice to the counterparty to such Executory Contract and such Executory Contract shall be deemed to not have been assumed under the Plan and will be deemed to be rejected as of thirty days after confirmation of the Plan.

c.     To the extent any provision in any Executory Contract assumed pursuant to the Plan and this Confirmation Order or any prior order of the Bankruptcy Court (including, without limitation, any "change of control" provision) prohibits, restricts or conditions, or purports to prohibit, restrict or condition, or is modified, breached or terminated, or deemed modified, breached or terminated by, (i) the commencement of these Chapter 11 Cases or the insolvency or financial condition of the Debtor at any time before the closing of its Chapter 11 Case, (ii) the Debtor's or the Reorganized Debtor's assumption or assumption and assignment (as applicable) of such Executory Contract or (iii) the Confirmation or Consummation of the Plan, then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-debtor party thereto to modify or terminate such Executory Contract or to exercise any other default-related rights or remedies with respect thereto, and any required consent under any such contract or lease shall be deemed satisfied by the Confirmation of the Plan.

30.     <u>Approval of Assumption of Assumed Contracts</u>.  The Debtor's assumption of the Executory Contracts under the Plan and this Confirmation Order is hereby approved pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  The Debtor's rights under each Executory Contract assumed pursuant to the Plan and this Confirmation Order shall revest in and be fully

enforceable by the Reorganized Debtor in accordance with its terms and conditions, except as modified by the provisions of the Plan or applicable law.

31.     <u>Cure Disputes</u>.  Any non-Debtor counterparty to an Executory Contract that failed to object to the proposed Cure Claim by the deadline set forth in the applicable cure notice that first identifies such Executory Contract shall be deemed to have consented to the proposed Cure Claim and shall be deemed to have forever released and waived any objection to such Cure Claim.

32.     <u>Full Release and Satisfaction of Claims</u>.  Subject to the payment of the applicable Cure Claim, if any, assumption or assumption and assignment of any Executory Contract pursuant to the Plan shall result in the full irrevocable and perpetual release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, under such assumed Executory Contract at any time prior to the effective date of assumption or assumption and assignment, in each case as provided in section 365 of the Bankruptcy Code.  Subject to the payment of the applicable Cure Claim, if any, any Proofs of Claim filed with respect to an Executory Contract that has been assumed or assumed and assigned by Final Order shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.

33.     <u>Approval of Rejection of Rejected Contracts</u>.  The Debtor reserves the right at any time prior to the Effective Date to reject any Executory Contract by filing a schedule of rejected contracts pursuant to Article VII of Plan or to file a motion requesting authorization for the rejection of any such contract or lease.  Rejection of any Executory Contract pursuant to the Plan

or otherwise shall not constitute a termination of any preexisting obligations owed to the Debtor or the Reorganized Debtor, as applicable, under any such Executory Contracts.

34.     <u>Exemption from Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code</u>.  Under section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer of property, under or in connection with the Plan or the Stock Purchase Agreement (to the extent consummated substantially in connection with the Plan), shall not be subject to any stamp or similar tax or governmental assessment, and the Confirmation Order shall direct the appropriate federal, state or local (domestic or foreign) governmental officials or agents to forgo the collection of any such stamp or similar tax or governmental assessment.  Such exemption specifically applies, without limitation, to (i) all actions, agreements and documents necessary to evidence and implement the provisions of, transactions contemplated by and the distributions to be made under the Plan or the Stock Purchase Agreement, and (ii) the issuance and distribution of the New Equity Interests.

35.     <u>Discharge of Claims and Equity Interests</u>.

a.      To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, effective as of the Effective Date, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims, Equity Interests and Causes of Action of any kind or nature whatsoever against the Debtor, or any of their respective assets or properties, including any interest accrued on such Claims or Equity Interests from and after the Petition Date, and regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, distributed or retained under the Plan on account of such Claims, Equity Interests or Causes of Action.

b.      Except as otherwise expressly provided by the Plan or the Confirmation Order, upon the Effective Date, the Debtor and its Estate shall be deemed discharged and released under and to the fullest extent provided under sections 524 and 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code. Such discharge shall void any judgment obtained against the Debtor or the

Reorganized Debtor at any time, to the extent that such judgment relates to a discharged Claim.

36.     <u>Injunctions</u>.  The injunctions contained in the Plan, including, but not limited to, those provided in Article XI of the Plan, are hereby authorized, approved and binding on all Persons and Entities described therein.  Absent reversal, vacatur or stay of this Confirmation Order, to the fullest extent permitted under applicable law, no Person or Entity may take any action against any Person or Entity released or discharged (or the property or estate of any such Person or Entity so released and discharged) under the Plan, or otherwise take any action inconsistent with the Plan and the findings of fact and conclusions of law contained in this Confirmation Order, and this Court shall enter maintain exclusive jurisdiction to enter and implement orders to enforce the injunction provisions contained in the Plan as may be necessary or appropriate to restrain interference by any Entity in connection with actions inconsistent with the Plan and the findings of fact and conclusions of law contained in this Confirmation Order.

37.     <u>Notice of Entry of the Confirmation Order and the Effective Date</u>. In accordance with Bankruptcy Rules 2002 and 3020(c), on the Effective Date, the Debtor shall serve the notice of confirmation and the occurrence of the Effective Date (the "<u>Notice of Confirmation</u>") by CM/ECF; United States mail, first class postage prepaid; by hand; or by overnight courier service to all parties having been served with the Confirmation Hearing Notice.  Mailing of the Notice of Confirmation in the time and manner set forth in this paragraph shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice is necessary.

38.     The Notice of Confirmation shall have the effect of an order of the Bankruptcy Court, shall constitute sufficient notice of the entry of the Confirmation Order to such filing and

recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

39.     <u>Binding Effect</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(g), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, the Creditors' Trust, the Trustee, and any and all holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, each Person acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor.

40.     The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

41.     <u>Dissolution of Creditors' Committee</u>.  As of the Effective Date, the Creditors' Committee shall dissolve automatically and its members shall be released and discharged from all rights, duties and responsibilities arising from, or related to, the Chapter 11 Case; <u>provided</u>, <u>however</u>, that, following the Effective Date, the Creditors' Committee shall continue in existence and have standing and the right to be heard for the limited purpose of applications, and any relief related thereto, for compensation by professionals or advisors to the Creditors' Committee.

42.     <u>Confirmation Order Controlling</u>.     The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is any conflict or inconsistency between the

Plan and this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the terms of this Confirmation Order shall control and govern.

43.     <u>Final Order</u>.  This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

44.     <u>Immediate Effectiveness of this Confirmation Order</u>.  Pursuant to Bankruptcy Rule 3020(e), the fourteen day stay of this Confirmation Order is waived and the Debtor is hereby authorized to consummate the Plan and the transactions contemplated thereby immediately upon the entry of this Confirmation Order upon the Bankruptcy Court's docket.

**Signed:  January 26, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Submitted by:
Stephen A. Roberts
Clark Hill Strasburger
720 Brazos, Suite 700
Austin, Texas 78701
Telephone: 512.499.3624
Email: sroberts@clarkhill.com

*Counsel for Newsco International Energy Services USA Inc.*

## EXHIBIT A

Leases and Executory Contracts to be assumed on the Effective Date subject to rejection by notice to counterparty by Effective Date.

| Leases and Executory Contracts | | | |
|---|---|---|---|
| **Lessor** | **Address** | **Description** | **Cure Amount** |
| HWM Properties LLC | 11603 Brittmoore Park Drive, Houston, TX 77041 | 12/1/2018 61month lease of real property at 12029 Brittmoore Park Drive, Houston, TX 77041 | $65,100 thru 1/31/21 |
| Wells Fargo Bank, N.A. | 800 Walnut Street MAC F0005-055, Des Moines, IA 50309 | 3/3/2015 Forklift Rental- Hyundai 30L-7A - Model #30L-7A SN 835- cure amount includes purchase option | $12,554.84 |
| Wells Fargo Bank, N.A. | 800 Walnut Street MAC F0005-055, Des Moines, IA 50309 | 4/16/15 Forklift Rental- Hydrostatic - Model C10000XL SN 26281 -cure amount includes purchase option | $40,224.18 |