# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NEWSCO INTERNATIONAL ENERGY | § | CASE NO. 19-36767 (DRJ) |
| SERVICES USA, INC., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

## SECOND AND FINAL APPLICATION OF RENSHAW, P.C., COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2020 THROUGH JANUARY 31, 2021

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

## CHAPTER 11 FEE APPLICATION SUMMARY

| | | |
|---|---|---|
| **Name of Applicant:** | Renshaw, P.C. | |
| **Applicant's Role in Case:** | Counsel to Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | February 10, 2020 (Doc. No. 81) | |
| | **Beginning of Period:** | **End of Period:** |
| **Time Period Covered by this Application:** | April 1, 2020 | January 31, 2021 |
| **Time Periods Covered by Prior Applications:** | January 10, 2020 | March 31, 2020 |
| **Total Amounts Awarded in All Prior Applications:** | | $13,940.05 |
| **Total Fees Requested in This Application:** | | $7,360.00 |
| **Total Professional Fees Requested in This Application:** | | 18.4 |
| **Total Actual Professional Hours Covered by This Application:** | | 18.4 |
| **Average Hourly Rate for Professionals:** | | $400.00 |
| **Total Paraprofessional Fees Requested in This Application:** | | None |
| **Total Actual Paraprofessional Hours Covered by This Application:** | | None |
| **Average Hourly Rate for Paraprofessionals:** | | N/A |
| **Reimbursable Expenses Sought in This Application:** | | None |
| **Total to be Paid to Priority Unsecured Creditors:** | | UNKNOWN |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | | UNKNOWN |
| **Total to be Paid to General Unsecured Creditors:** | | UNKNOWN |
| **Anticipated % Dividend to General Unsecured Creditors:** | | UNKNOWN |
| **Date of Confirmation Hearing:** | | January 26, 2021 |
| **Indicate Whether Plan has Been Confirmed:** | | YES |

Renshaw, P.C. ("Renshaw"), counsel to the Official Committee of Unsecured Creditors in this Chapter 11 case (the "Committee"), files this Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") and, in support, respectfully shows as follows:

## I.
## INTRODUCTION AND BACKGROUND

1. The Debtor filed this Chapter 11 case on December 4, 2019.

2. On January 8, 2020, the U.S. Trustee notified the Court of the appointment of the Committee [Doc. No. 51].

3. On January 10, 2020, there was a meeting of the Committee by telephone at which a majority of the members were present. At the meeting, the Committee, by agreement, selected Renshaw as counsel for the Committee.

4. On January 10, 2020, the Committee engaged Renshaw as counsel on an hourly rate basis, plus out-of-pocket expense reimbursement, subject to the Court's approval.

5. On February 10, 2020, the Court, upon Renshaw's Motion [Doc. No. 56], entered its Order Authorizing Employment of Renshaw as Counsel for the Committee [Doc. No. 81].

6. Pursuant to Renshaw's fee arrangement with the Committee, and the Orders of this Court, Renshaw is entitled to payment in the amount of $7,360.00, plus expenses in the amount of $0.00, for which Renshaw now requests the total award of $7,360.00.

## II.
## PRIOR APPLICATIONS AND PAYMENTS RECEIVED BY RENSHAW

7. This is Renshaw's second and final application for allowance of fees and reimbursement of expenses incurred as counsel for the Committee.

8. On February 13, 2020, pursuant to the Court's Interim Order Establishing Compensation Procedures for the Debtor's Payment of Fees and Reimbursement of Expenses [Doc. No. 64], Renshaw submitted its first Fee Statement for the period ending January 31, 2020, during which Renshaw incurred $4,880.00 in fees and $43.00 in expenses, and of which Renshaw sought payment of 80% of fees in the amount of $3,904.00 and 100% of expenses for a total of $3,947.00. There was no objection to Renshaw's first Fee Statement.

9. On or about March 25, 2020, the Debtor paid Renshaw $3,947.00 as allowed and requested, leaving a balance due to Renshaw in the amount of $976.00.

10. On April 16, 2020, again pursuant to the Court's Interim Order [Doc. No. 64], Renshaw submitted its second Fee Statement for the period ending March 31, 2020, during which Renshaw incurred $8,787.50 in fees, and $229.55 in expenses, and of which Renshaw sought payment of 80% of fees in the amount of $7,030.00 and 100% of expenses for a total of $7,259.55. There was no objection to Renshaw's second Fee Statement.

11. On May 8, 2020, Renshaw filed its First Application for Compensation seeking fees through March 31, 2020 in the amount of $13,667.50 and expenses in the amount of $272.55. *See* Doc. No. 138.

12. On August 10, 2020, the Court granted Renshaw's First Application for Compensation and awarded Renshaw fees through March 31, 2020 in the amount of $13,667.50 and expenses of $272.55, for a total award of $9,993.05 after applying credit for the Debtor's March 25, 2020 payment to Renshaw in the amount of $3,947.00. *See* the Court's August 10, 2020 Order at Doc. No. 174.

13. Notwithstanding the Court's August 10, 2020 Order [Doc. No. 174], the Debtor withheld payment to Renshaw pending further proceedings, as it was then uncertain whether the Debtor

could remain in Chapter 11 or whether the case would need to be converted to Chapter 7. There were also concerns of administrative insolvency.

14. On November 19, 2020, the Debtor filed its first Chapter 11 Plan of Reorganization [Doc. No. 205] and, after some modification, filed its Amended Chapter 11 Plan of Reorganization on January 25, 2021 [Doc. No. 225].

15. On January 26, 2021, the Court confirmed the Debtor's Amended Chapter 11 Plan of Reorganization [Doc. No. 225] (the "Plan") with written findings and conclusions entered January 27, 2021 [Doc. No. 232].

16. The Plan as confirmed by the Court authorizes the Debtor to establish a reserve and pay certain professional fees of the Debtor and the Committee to be held in trust by those professionals, pending approval of same by the Court. *See* Doc. No. 225 at Art. 3.03, page 6.

17. On February 8, 2021, the Debtor paid the sum of $17,353.05 by wire transfer to Renshaw's IOLTA account, such amount representing all previously unpaid fees due to Renshaw and claimed by Renshaw through confirmation of the Plan, including the previously allowed sum of $9,993.05.

18. The sum of $7,360.00 paid by the Debtor remains in Renshaw's IOLTA account pending approval and further order of this Court.

### III.
### COMPENSATION REQUESTED

19. This Application covers the period from April 1, 2020 through January 31, 2021, (the "Application Period").

20. Renshaw seeks final allowance of its fees and expenses incurred during the Application Period, and crediting payments made by Debtor pursuant to the Court's Interim Order [Doc. No. 64] as of the date of this Application. After applying such credit, the total amount Renshaw claims as due and owing is $7,360.00. True and correct copies of Renshaw's Fee Statements and Billing

Records to date (fees and expenses), and reflecting payment by the Debtor as authorized by the Court, are attached hereto as **Exhibit A** and incorporated by reference for all purposes.

21. The total amount of fees during the Application Period are broken down in Renshaw's Third and Final Fee Statement, attached hereto as **Exhibit B** and incorporated by reference for all purposes.

22. All of the professional services Renshaw provided were for and on behalf of the Committee, and on behalf of the unsecured creditors in this case. Renshaw has not promised, either directly or indirectly, to share any awarded compensation with any other person, nor does Renshaw have any agreement for payment of attorney's fees and expenses except as stated herein.

## IV.
## ACCOMPLISHMENTS

23. The Committee has overseen and assisted the Debtor in dealing with executory contracts, preserving and relocating assets, and in selling and leasing certain assets of the Estate. The Committee has also been involved in monitoring and assisting as needed with the Debtor's financing arrangements.

24. The Committee has also monitored the financial performance of the Debtor throughout this bankruptcy case, providing Debtor's counsel oversight and recommendations throughout as warranted, which has resulted in confirmation of a Chapter 11 Plan and the establishment of a trust for the benefit of unsecured creditors with allowed claims, rather than conversion of the case to Chapter 7 where unsecured creditors were likely to have received little or nothing at all.

## VI.
## FACTORS SUPPORTING ALLOWANCE OF COMPENSATION

25. Section 330(a)(3)(A) of the Bankruptcy Code sets forth the criteria for the evaluation of professional fees. Prior to enactment of § 330(a)(3)(A), *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), was the controlling authority that Courts within the Fifth Circuit relied upon in evaluating requests for payment of professional fees. The §330(a)(3)(A) factors are subsumed within the *First Colonial* factors. The following factors support the reasonableness of the requested fees and expenses here:

(a) **Time and labor required**. Pursuant to the Court's Order, the services for which compensation are sought are reasonable and were necessary for the representation of the Committee. Renshaw's time and expense records are attached as Exhibit A.

(b) **The size of the fee is commensurate with the novelty and difficulty of the questions presented in the case.** Nothing in this case was either novel or difficult.

(c) **The skill requisite to perform the legal services properly**. Renshaw is an experienced law firm in the area of bankruptcy litigation and bankruptcy law.

(d) **Preclusion of other employment due to the acceptance of this case.** Renshaw was not required to decline other representation due to its representation of the Committee in this case.

(e) **The customary fee.** The rates approved in this case are similar to, or lower than, rates in Houston, Texas.

(f) **Whether the fee is fixed or contingent.** The fee was neither fixed nor contingent.

(g) **The amount of time involved and the results obtained.** The representation of the Committee has been handled in a prudent and cost-effective manner. The requested compensation is reasonable in view of the results obtained in the case to confirmation.

(h) **The experience, reputation and ability of the professionals who performed virtually all of the services in the case.** The attorneys performing the legal services in this case on behalf of Renshaw were Justin Renshaw and Kim Conkey. Mr. Renshaw has practiced bankruptcy law for over 21 years and has represented creditors, debtors, and trustees in Texas and elsewhere. He has tried contested matters and adversary proceedings in this and other federal districts in Texas, as well as in other states. Mr. Renshaw is a member of the American Bankruptcy

Institute and State Bar of Texas and is admitted to practice before the United States District Courts for the Southern, Eastern, Western, and Northern Districts of Texas; the District of Colorado; and the Fifth Circuit Court of Appeals.

(i) **The undesirability of the cases**. This case was not undesirable.

(j) **Awards in similar cases.** The compensation requested in this case is comparable or less than compensation allowed in other cases of the size and complexity of this case.

## VII.
## CONCLUSION

The requested fees are both reasonable and appropriate in this case and were actual and necessary to the Committee's representation. Accordingly, Renshaw requests that the Court approve the compensation and reimbursement of expenses as set forth herein and grant such other and further relief as is appropriate and just.

Dated: March 3, 2021.

Respectfully submitted,

**RENSHAW, P.C.**

/s/ *Justin W.R. Renshaw*
Justin W. R. Renshaw
SDTX Adm. ID No. 25865
Texas Bar No. 24013392
2900 Weslayan, Suite 230
Houston, Texas 77027
Phone: (713) 400-9001
Fax:    (713) 400-9006
justin@renshaw-law.com

*Counsel for the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Application was served on the U.S. Trustee, the Debtor, and all other parties of record by electronic transmission, e-service (ECF), and/or U.S. Mail this 3rd day of March, 2021.

                                                     /s/ *Justin W.R. Renshaw*
                                                     Justin W. R. Renshaw