### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **NEWSCO INTERNATIONAL ENERGY** | § | **Case No. 19-36767 (DRJ)** |
| **SERVICES USA INC.,** | § | |
| Debtor. | § | |

### SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER, COUNSEL FOR THE DEBTOR, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 4, 2019 THROUGH FEBRUARY 28, 2021

*THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.*

*REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.*

To The Honorable Robert Jones, United States Bankruptcy Judge:

Clark Hill Strasburger ("**CHS**" or "**Applicant**"), approved counsel for the Debtor, Newsco International Energy Services USA Inc. (the "**Debtor**"), hereby files its Second and Final Application for Compensation and Reimbursement of Expenses for the Period December 4, 2019 through February 28, 2021 (the "**Final Application**"), as follows:

## Fees and Expenses Requested

1.      Applicant hereby seeks approval and allowance of fees of $482,525.50 and expenses in the amount of $9,338.34 for a total amount of $491,863.84 for the period December 4, 2019 through February 28, 2021 (the "**Application Period**").  In addition, Applicant requests approval and allowance of fees in the amount of $3,990.00 for the preparation of the Final Application.

2.      Applicant seeks approval and payment of all fees and expenses requested during the Application Period.  These amounts include all fees and expenses incurred in the chapter 11 case (the "Main Case") and Adv. Pro. 20-03010; *Newsco International Energy Services USA Inc. v. Nathan LaRue and Skyline Directional Drilling, LLC*, (the "Adversary Proceeding") during the Application Period as detailed below.

### The Main Case (19-36767):

3.      Applicant incurred fees in the amount of $412,002.50 and expenses in the amount of $8,980.19, for a total of $420,982.69 for services performed in the Main Case during the Application Period.

### The Adversary Proceeding (20-03010):

4.      Applicant incurred fees in the amount of $70,523.00 and expenses in the amount of $358.15 for a total of $70,881.15 for services performed in the Adversary Proceeding during the Application Period.

## Employment and Prior Compensation

5.      On December 4, 2019, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has been operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On December 20, 2019, Debtor filed its application to employ CHS as counsel for the Debtor [Docket No 39].

7.      The Debtor understood and agreed that Applicant would charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services were rendered and for out-of-pocket expenses.

8.      The Order approving Applicant as counsel for the Debtor was entered on January 7, 2020 [Docket No. 54].

9.      On January 13, 2020, Debtor filed the Adversary Proceeding.  All fees and expenses incurred in connection with the Adversary Proceeding have been kept separate, as detailed herein.

10.      On April 14, 2020, Applicant filed its first interim fee application for the period December 4, 2019 through February 29, 2020 seeking approval and allowance of $206,735.50 in fees and $3,036.65 in expenses for a total of $209,771.15.  The order approving Applicant's first interim fee application was entered on June 2, 2020 [Docket No. 144].  All approved amounts have been paid.

11.      Pursuant to the Order Granting Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated January 14, 2020 (the "**Compensation Procedures Order**") [Docket No. 64], Applicant previously served its monthly fee statements for services rendered during the Application Period as detailed below:

**SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**Summary of Interim Fee Application and Previous Monthly Fee Statements[1]:**

| Month | Fees | 80% of Fees | 20% Holdback | Expenses | Approved Amt. (80% fees + expenses) | Amt. Pd. | Amount Due |
|---|---|---|---|---|---|---|---|
| Interim Fee App approved | $206,735.50 | | | $3,036.65 | | $209,772.15 | |
| March | $42,351.00 | $33,880.80 | $8,470.20 | $529.46 | $34,410.26 | $34,410.26 | |
| April | $34,287.00 | $27,429.60 | $6,857.40 | $109.25 | $27,538.85 | $27,538.85 | |
| May | $9,538.00 | $7,630.40 | $1,907.60 | $530.64 | $8,161.04 | $8,161.04 | |
| June | $9,831.50 | $7,865.20 | $1,966.30 | $35.35 | $7,900.55 | $7,900.55 | |
| July | $7,844.00 | $6,275.20 | $1,568.80 | $0.00 | $6,275.00 | $6,275.20 | |
| August | $7,893.00 | $6,314.40 | $1,578.60 | $901.02 | $7,215.42 | $7,215.42 | |
| September | $5,418.50 | $4,334.80 | $1,083.70 | $66.19 | $4,400.99 | $4,400.99 | |
| October | $13,477.00 | $10,781.60 | $2,695.40 | $17.25 | $10,798.85 | $10,798.85 | |
| November | $48,570.50 | $38,856.40 | $9,714.10 | $2,927.13 | $41,783.53 | $41,783.53 | |
| December | $36,641.00 | $29,312.80 | $7,328.20 | $103.80 | $29,416.60 | $29,416.60 | |
| January 2021 | 47,353.00 | 37,882.40 | $9,470.60 | 1,011.50 | $38,893.90 | $38,893.90 | |
| February | 12,585.50 | 10,068.40 | $2,517.10 | 69.84 | $10,138.24 | $10,138.24 | |
| **Total** | **$482,525.50** | **$220,632.00** | **$55,158.00** | **$9,338.08** | **$226,933.23** | **$436,705.58** | |
| **TOTAL FEES DUE** | | | | | | | **$55,158.20** |

12.     This is Applicant's second and final fee application.   Applicant seeks final approval and allowance of $482,525.50 in fees, $9,338.34 in expenses for a total of $491,863.84, and the authority to pay all remaining amounts due of $55,158.20 from its trust account. In addition, Applicant seeks $3,900.00 in fees for the preparation of the Final Application.

---

[1] Debtor did not submit monthly fee statements for the Adversary Proceeding for December 2019 through February 2020.  Fees and expenses incurred in the Adversary Proceeding were included in Debtor's First Interim Fee Application.

**SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

ClarkHill\J1452\397071\260212638.v9-3/31/21

## Status of the Case

13.     Debtor negotiated a sale of equity in the Debtor for $2.17 million in cash to close upon the Effective Date of Debtor's Chapter 11 Plan.   On January 26, 2021, the Debtors' Chapter 11 Plan was confirmed by the Court and the sale was subsequently closed. After the payment of administrative claims, that is, costs incurred in the operations of the Debtor in Chapter 11 and the costs of the Chapter 11 professionals, funds were transmitted to the Creditors' Trust formed under the Plan to distribute payments to the Debtor's general unsecured creditors.

## Services Performed and Results Obtained in the Case

14.     When the case was filed, the Debtor was still operating but did not have any cash to continue operations or to continue making its payroll. Mineral lien subcontractors were filing liens on the leases of the Debtor's customers, causing substantial negative impact on the Debtor's business, detrimentally impacting Debtor's relationships with its customers, and preventing the Debtor from obtaining financing. The Debtor was also burdened by legacy debt incurred prior to the acquisition of the company years before, including substantial debt relating to leases in Houston, Colorado, and Wyoming which were no longer needed.

15.     A former sales representative of the Debtor resigned just before the initiation of the case and went to work for a competitor in alleged violation of his confidentiality and non-competition agreements, creating a significant threat to the Debtor's business.

16.     With Applicant's assistance, the Debtor filed for protection under Chapter 11. Applicant negotiated and obtained court approval to enter into a factoring arrangement and obtained court approval to pay mineral lien creditors, the combination of which enabled the Debtor to regain the confidence of its customers and increase its operations with sufficient cash

flow. The Debtor rejected its burdensome leases, shut down its Casper, Wyoming operations and sold or disposed of its excess equipment.

17.     The Debtor sought and obtained a temporary restraining order against its former sales representative and his new employer and then, after expedited discovery, reached a mediated settlement to eliminate the negative impact of the representative's actions on the Debtor's business.

18.     The Debtor began generating sufficient revenue to support a reorganization plan, and the Debtor and Applicant began developing a reorganization plan. The Debtor employed an equipment appraiser to provide the necessary valuation for the Debtor emerging from Chapter 11.

19.     Then the price of oil dropped precipitously and COVID- 19 spread, causing all of Debtor's customers to suspend or terminate their drilling programs. Soon thereafter, the Debtor was unable to generate any revenues except from the sale of excess equipment.

20.     The Debtor was forced to lay off most of its employees. The Debtor and Applicant redirected their efforts to finding a buyer with the sufficient financial strength to buy the company and weather the current downturn.

21.     There was only one party who showed significant interest in a transaction. After several months of negotiation, the Debtor reached terms with Sawafi Al-Jazeera Oilfield Products and Services Co., Ltd.  ("Sawafi") who proposed to buy all of the equity of the Debtor for cash under a Chapter 11 Plan as well as acquiring the assets of related entities.

22.     After the terms of a non-binding terms sheet were agreed upon, Sawafi commenced its legal due diligence which took several months more and added substantial costs to the Debtor. Meanwhile the Debtor was unable to pay its costs of operations and its accrued

administrative expenses mounted rapidly. The core employees who remained continued working for almost two months without payment, pending the anticipated closing of the sale.

23.     The Debtor developed and filed a Disclosure Statement and Plan which provided for the cash payment for all of the equity at closing and distribution of the cash to pay the administrative expenses of the bankruptcy, sales and property taxes, and then to a creditors' trust set up under the plan to adjust claims of, and distribute payments to, creditors.

24.     After several delays caused by Sawafi's continued due diligence, the Plan was confirmed on January 26, 2021 and the sale was closed effective January 31, 2021.

25.     During the course of the case, Applicant addressed a number of other challenges to protect the Debtor and facilitate the confirmation of a Chapter 11 Plan.  Applicant assisted the Debtor in shutting down the Debtor's Casper, Wyoming office/warehouse, selling and disposing of the equipment there, and negotiating favorable terms with the landlord.   Applicant successfully contested the Motion of Hill Country Staffing to broadly expand the rights of mineral subcontractors and prevented the imposition of mineral liens that could have adversely impacted the Debtor's post-petition financing and factoring borrowing base. Applicant assisted the Debtor in resolving Debtor's lease and sublease concerning the Debtor's former office at Three Allen Center in Houston. Applicant assisted Debtor in reducing its insurance coverage and in obtaining approval of the financing of its reduced premiums. Applicant resolved numerous immigration issues necessary to protect key Canadian employees of the Debtor, including filing a L-1A petition, filing renewals for Operational Business Manager, obtaining permanent residency for the Chief Operating Officer, and preparing documentation to facilitate the renewal of work authorization and dependent status with U.S. Citizenship and Immigration Services.

**SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

26.     Applicant assisted the Debtor in complying with reporting and operational requirements under the Bankruptcy Code; maintaining patents of client; communicating with, and providing information to, the Creditors' Committee and the United States Trustee; analyzing and evaluating alternative strategies for formulating a plan of reorganization; addressing affiliate's Canadian insolvency proceedings to avert potential issues that could have adversely impacted the sale; preparing a claims analysis and evaluation of the claims filed by creditors; preparing an analysis of unexpired executory contracts, negotiating the stock purchase agreement and other closing documents; renegotiating an amended lease with the Debtor's landlord; closing the Sawafi transaction; drafting the Creditors' Trust Agreement, providing information, financial data, and analysis of claims to the Trustee of the Creditors' Trust and counsel for the Unsecured Creditors Committee counsel to assist them in establishing and managing the trust.

### Narrative Description of Services Provided, By Category
### (Main Case, Second Interim Period)

27.     The services provided by Applicant in the Chapter 11 proceeding during the Application Period are more particularly detailed in *Exhibit A*, Compensation Support Exhibit. The total hours of service and fees charged in each category is itemized in the following paragraphs:

a.      General Due Diligence and Case Administration:  This category includes time spent on due diligence research on immigration issues and work performed on miscellaneous matters including filing and service of electronic pleadings, associated with the administration of the bankruptcy case.  The hours of services provided by Applicant during the Application Period in this category were 254.8 hours for a total of $115,261.00 in fees billed.

b.  <u>Asset Analysis and Recovery</u>:  This category includes work performed in connection with identifying and evaluating the status of furniture and equipment at the 333 Clay location.  The hours of services provided by Applicant during the Application Period in this category were 3.4 hours for a total of $1,831.50 in fees billed.

c.  <u>Review Filed Pleadings and Dockets</u>: This category includes review and analysis of pleadings filed in the case and strategic planning of response.  The hours of services provided by Applicant during the Application Period in this category were 1.9 for a total of $1,070.00 in fees billed.

d.  <u>Asset Disposition</u>:  This category consists primarily of time spent analyzing options and negotiating the potential lease and/or sale of the Debtors' assets in Casper, WY.  The hours of services provided by Applicant during the Application Period in this category were 17.5 for a total of $9,395.50 in fees billed.

e.  <u>Relief from Stay</u>:  This category includes time spent in discussion with one of Debtor's landlords and exploring the possibility of relief from stay.  The hours of services provided by Applicant during the Application Period in this category were .70 for a total of $385.00 in fees billed.

f.  <u>Meetings and Communications with Creditors</u>:  This category includes communications with creditors generally and with the response to the Unsecured Creditors Committee's discovery requests.  The hours of services provided by Applicant during the Application Period in this category were 14.8 for a total of $8,841.00.

g.    <u>Meetings and Communications with Debtors</u>:  This category includes communications with representatives of the Debtor generally, and regarding the Committee's discovery and immigration issues.  The number of hours of services provided by Applicant during the Application Period in this category were 14.6 for a total of $8,030.00.

h.    <u>Fee/Employment Applications</u>:  This category includes preparation and prosecution of the employment applications for the appraiser, Gordon Brothers, and Skogen Cometto, the Debtor's tax professional.  This category also includes time spent in preparation of the monthly fee statements and the preparation of the First Interim Application, work on the Second and Final Application and review of the Committee's application.  The number of hours of services provided by Applicant during the Application Period in this category were 69.2 for a total of $26,367.50.

i.    <u>Assumption/Rejection of Lease/Contract</u>:  This category includes work primarily associated with the Debtor's commercial lease of the 333 Clay location and the efforts to secure furniture, equipment and security deposits.  The number of hours of services provided by Applicant during the Application Period in this category were 39.7 for a total of $20,430.50 in fees billed.

j.    <u>Other Contested Matters</u>:  This category includes time spent analyzing and negotiating regarding Hill Country Staffing.  The total number of hours of services provided by Applicant during the Application Period in this category were 30.60 for a total of $15,170.00 in fees billed.

**SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

ClarkHill\J1452\397071\260212638.v9-3/31/21

k.     <u>Non-working Travel</u>: This category includes time spent traveling to Houston for hearings and was billed at half time. The total number of hours of services provided by Applicant during the Application Period in this category were 6.0 for a total of $3,615.00 in fees billed.

l.     <u>Business Operations</u>: Time spent in this category includes analysis of issues with Debtor's security deposits, leased locations, equipment. The total number of hours of services provided by Applicant during the Application Period in this category were 9.3 for a total of $5,076.00 in fees billed.

m.     <u>Employee Benefits and Pension</u>: Time spent in this category includes communications regarding status of and payment to independent contractors. The total number of hours of services provided by Applicant during the Application Period in this category were 0.8 for a total of $440.00 in fees billed.

n.     <u>Financing and Cash Collateral:</u>  Work in this category includes the review, analysis and discussions regarding alternate financing, negotiations to extent current financing and communications with the Committee regarding same. The number of hours of services provided by Applicant during the Application Period in this category were 61.30 for a total of $33,567.50 in fees billed.

o.     <u>Tax</u>: Work on this category includes discussions with Debtor regarding tax implications of CARES Act.  The number of hours of services provided by Applicant during the Application Period in this category were .4 for a total of $186.00 in fees billed.

p.     <u>Claims Administration and Objections</u>: Work in this category includes analysis and validity of claims, including Hill Country's claim for administrative expense,

**SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

preparation of a claims analysis and objection to tax claims. The total number of hours of services provided during the Application Period in this category were 39.6 for a total of $21,592.00 in fees billed.

      q.   <u>Strategic Planning, Disclosure Statement and Plan</u>: Work in this category includes strategy meetings with Debtor and analysis of best option for plan or sale. Time includes preparation and filing of motion to extend exclusivity, preparation of plan and disclosure statement, attendance at disclosure statement hearing and negotiation of and drafting of the stock purchase agreement. The total number of hours of services provided by Applicant during the Application Period in this category were 222.5 for a total of $140,744.00 in fees billed.

## Task Code Summary (Main Case)

| Code | Description | Hours | Value |
|------|-------------|-------|-------|
| D100 | Due Diligence | 39.7 | 16,404.00 |
| D110 | Case Administration | 215.4 | 98,857.00 |
| D120 | Asset Analysis | 3.4 | 1,831.50 |
| D125 | Review Filed Pleadings and Dockets | 1.9 | 1,070.00 |
| D130 | Asset Disposition | 17.5 | 9,395.50 |
| D140 | Relief from Stay | .7 | 385.00 |
| D150 | Meetings and Communications with Creditors | 14.8 | 8,841.00 |
| D155 | Meetings and Communications with Debtors | 14.6 | 8,030.00 |
| D160 | Fee/Employment Applications | 68.4 | 25,927.50 |
| D170 | Fee/Employment Objections | .8 | 440.00 |
| D185 | Assumption/Rejection Executory Contracts | 39.7 | 20,430.50 |
| D190 | Other Contested Matters | 30.6 | 15,170.00 |
| D195 | Non-working Travel | 6.0 | 3,615.00 |
| D210 | Business Operations | 9.3 | 5,076.00 |
| D220 | Employee Benefits/Pensions | .8 | 440.00 |
| D230 | Financing/Cash Collateral | 61.3 | 33,567.50 |
| D240 | Tax | .4 | 186.00 |
| D310 | Claims Admin. and Objections | 39.6 | 21,592.00 |
| D320 | Strategy Planning, Disclosure Statement/Plan | 222.5 | 140,744.00 |
| | **TOTAL FEES (Main Case)** | **787.14** | **$412,002.50** |

**SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**Billing Summary (Main Case)**

| Name | Attorney Specialty | Hourly Rate | Number of Hours Worked | TOTAL |
|---|---|---:|---:|---:|
| Stephen A. Roberts | Bankruptcy | $615 | 3.5 | $2,152.50 |
| Stephen A. Roberts | Bankruptcy | $655 | 345.33 | $226,194.50 |
| John Tang | Intellectual Property | $675 | .9 | $607.50 |
| Duane Brescia | Bankruptcy | $615 | 0.4 | $246.00 |
| Sujata Ajmera | Member | $552 | 43.5 | $24,015.00 |
| Rachael Rubenstein | Member | $465 | 1.20 | $558.00 |
| Herbert J. Gilles | Bankruptcy | $550 | 149.2 | $82,060.00 |
| Adam Boland | Labor & Employment | $480 | 2.5 | $1,200.00 |
| Sona Ramirez | Labor & Employment | $465 | 0.3 | $139.50 |
| Andrew Edson | Bankruptcy | $445 | 2.3 | $1,023.50 |
| Andrew Edson | Bankruptcy | $430 | 13.8 | $5,934.00 |
| Audrey Hornisher | Bankruptcy | $360 | 7.3 | $2,628.00 |
| Donna Jaenike | Paralegal | $325 | 5.3 | $1,722.50 |
| Donna Jaenike | Paralegal | $315 | 182.2 | $57,393.00 |
| Josie Rubio | Paralegal | $230 | 15.7 | $3,660.00 |
| Nina Garcia | Paralegal | $165 | 5.9 | $978.50 |
| Tracy Adams | Paralegal | $275 | 1.20 | $330.00 |
| Teresa Wrye | Paralegal | $230 | 1.5 | $345.00 |
| Angelyn Mikulec | Case Clerk | $155 | 5.2 | $815.00 |
| **TOTAL HOURS AND FEES** | | | **787.14** | **$412,002.50** |

28.     A copy of the fee statements for the Application Period is attached as *Exhibit A.*

29.     An itemized list of disbursements is included in *Exhibit A.*

**Narrative Description of Services Provided in the Adversary Proceeding**

30.     The services provided by Applicant in the Adversary Proceeding during the period January 13, 2020 through February 29, 2020 are detailed in *Exhibit B*, Compensation Support Exhibit.  That parties engaged in negotiations to resolve the claim objection, including preparation for and appearance at an all-day mediation, drafted discovery and ultimately reached

SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

-Page 13 of 18

a full settlement of the claims.  The total hours of service and fees charged in the Adversary

Proceeding were 158.3 hours for a total of $70,523.00 in fees charged.

## Billing Summary (Adversary Proceeding)

| Name | Title | Hourly Rate | Aggregate Hours | Total Fees |
|------|-------|-------------|-----------------|------------|
| Stephen A. Roberts | Member | $655 | 23.60 | $15,458.00 |
| Stephen A. Roberts | Member | $615 | 2.80 | $1,722.00 |
| Andrew Edson | Member | $445 | 14.40 | $6,408.00 |
| Adam Boland | Member | $400 | 87.90 | $35,160.00 |
| Herbert J. Gilles | Senior Counsel | $550 | 8.20 | $4,510.00 |
| Mark McNitzky | Senior Counsel | $440 | 2.00 | $880.00 |
| Charlie Hayes | Associate | $360 | 10.40 | $3,744.00 |
| Donna Jaenike | Paralegal | $325 | 1.00 | $325.00 |
| Donna Jaenike | Paralegal | $315 | 6.30 | $1,984.50 |
| Leslie Zunker | Paralegal | $195 | 1.70 | $331.50 |
| **TOTAL HOURS AND FEES** | | | **158.30** | **$70,523.00** |

31.     A copy of the fee statements for the Application Period is attached as *Exhibit B.*

32.     An itemized list of disbursements in included in *Exhibit B.*

## Factors Supporting Allowance of Compensation

33.     11 U.S.C. §330(a)(3) and (a)(4) state:

 In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
(4)
(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

34.     The Fifth Circuit Court of Appeals has held that §330 embraces the "reasonable at the time" standard in determining professional compensation.

> We conclude that § 330 embraces the "reasonable at the time" standard for attorney compensation endorsed by our colleagues in the Second, Third, and Ninth Circuits. As explained above, the text and legislative history of § 330 contemplate a prospective standard for the award of attorney's fees relating to bankruptcy proceedings—one that looks to the necessity or reasonableness of legal services at the time they were rendered. Under this framework, if a fee applicant establishes that its services were "necessary to the administration" of a bankruptcy case or "reasonably likely to benefit" the bankruptcy estate "at the time at which [they were] rendered," see 11 U.S.C. § 330(a)(3)(C), (4)(A), then the services are compensable.

*In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015).

35.     The § 330(a)(3)(A) factors are subsumed within the more extensive factors set forth in *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.), *cert. denied,* 431 U.S. 904 (1977) *First Colonial* factors.  The following analysis of the *First Colonial* factors supports the reasonableness of the requested fees and expenses:

a.      **Time and labor required:** *Exhibits A and B* to this Application contains copies of Clark Hill Strasburger's Monthly invoices.  All time records are recorded in the firm's computerized billing system contemporaneously with the rendition of the services, and those daily records are reviewed periodically.  *Exhibits A and B* set forth in detail all the time for which compensation is sought, as well as the specific services performed by each of the professionals in connection with the services.

b.      **The size of the fee is commensurate with the novelty and difficulty of the questions presented in the case:**  Applicant believes that the amount of the fees in this case is commensurate with the complexity of the legal issues and problems present in this case as described in the section entitled <u>Services Performed and Results Obtained.</u>

**SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

-Page 15 of 18

c.      **The skill requisite to perform the legal services properly:**  This case required a high level of skill and experience for the professionals involved.

d.      **Preclusion of other employment due to the acceptance of this case:**  This case did not preclude Applicant from accepting other cases.

e.      **The Customary fee:**  The hourly rates of Applicant are consistent or less than the reasonable and customary rates charged by professionals of comparable experience and ability in matters of similar scope, complexity, and significance.

f.      **Whether the fee is fixed or contingent:**  Fixed.

g.      **The amount of time involved and the results obtained:**  The amount of time involved was commensurate with the tasks required.

h.      **The experience, reputation, and ability of the professionals who performed services in the case:**  Applicant has a prominent and long-standing reputation handling chapter 11 bankruptcy cases in Texas.  Lead bankruptcy counsel, Stephen A. Roberts, has over 39 years of experience in the insolvency practice and has represented numerous debtors in publicly held and privately held companies, creditors committees, secured and unsecured creditors, and acquirers.  Mr. Roberts also has considerable experience in non-bankruptcy litigation and in other areas of business law. Mr. Roberts has been certified as a specialist in Business Bankruptcy Law by the Texas Board of Legal Specialization since 1992.

The individual credentials and experience of the professionals who performed services in this case can be viewed at www.clarkhill.com.

i.      **The undesirability of the cases:**  This case was not undesirable.

j.      **Awards in Similar Cases:**      The compensation requested in this case is comparable to the compensation allowed in other cases of the size and complexity of this case.

WHEREFORE, Applicant requests (i) final approval and allowance of fees of $482,525.50 and expenses in the amount of $9,338.34, for a total of $491,863.84 for fees and expenses during the Application Period from December 4, 2019 through February 28, 2021; (ii) final approval and allowance of fees in the amount of $3,900.00 for preparation of the Final Application; authority to pay all outstanding, approved amounts of $59,058.20 out of funds held in trust; and, (iii) for such other and further relief to which Applicant may show itself to be justly entitled.

Dated: April 1, 2021.

Respectfully submitted,

By:  /s/ *Stephen A. Roberts*
**STEPHEN A. ROBERTS**
sroberts@clarkhill.com
CLARK HILL STRASBURGER
720 Brazos, Suite 700
Austin, TX 78701
(512) 499-3624- Telephone

**HERBERT J. GILLES**
hgilles@clarkhill.com
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, TX 75202
(214) 651-2167-Telephone

**ATTORNEYS FOR DEBTOR NEWSCO
INTERNATIONAL ENERGY SERVICES
USA, INC.**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that prior to filing this Application, true and correct copies of the Application, the Application Summary and the proposed order were provided to Justin Renshaw, Counsel for the Creditors Trust and formerly counsel for the Unsecured Creditors Committee. Undersigned counsel has conferred with Mr. Renshaw and he has no objection to the relief requested in the Application.

*/s/ Stephen A. Roberts*
Stephen A. Roberts

**SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

ClarkHill\J1452\397071\260212638.v9-3/31/21

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served via CM/ECF to all those entitled to such notice and to the parties listed below via email on April 1, 2021. Service upon the attached service list was made via email or U.S. mail, as indicated, without Exhibits A and B, which will be made available upon request.

**<u>Debtor:</u>**
Newsco International
Energy Services USA Inc.
12029 Brittmoore Park Drive
Houston, TX 77041
Corey.campbell@newsco-drilling.com
Caroline.becker@newsco-drilling.com

**<u>United States Trustee:</u>**
Stephen Douglas Statham
Office of US Trustee
515 Rusk, Ste 3516
Houston, TX 77002
Stephen.statham@usdoj.gov

**<u>Counsel for the Committee:</u>**
Justin W. R. Renshaw
Renshaw PC
2900 Weslayan, Suite 230
Houston, TX 77027
justin@renshaw-law.com

*/s/ Stephen A. Roberts*_____
Stephen A. Roberts

**SECOND AND FINAL APPLICATION OF CLARK HILL STRASBURGER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

-Page 18 of 18

**SERVICE LIST**

| | |
|---|---|
| **Debtor:**<br>Newsco International Conroe<br>Energy Services USA Inc.<br>PO Box 40794<br>Houston, TX 77240-0794 | **Counsel for Debtor:**<br>Stephen A. Roberts<br>Clark Hill Strasburger<br>720 Brazos, Suite 700<br>Austin, TX 78701<br>Sroberts@clarkhill.com |
| Herbert Gilles<br>Clark Hill Strasburger<br>901 Main Street, Suite 6000<br>Dallas, TX 75202<br>hgilles@clarkhill.com | **U.S. Trustee:**<br>Stephen Douglas Statham<br>Office of US Trustee<br>515 Rusk, Ste 3516<br>Houston, TX 77002<br>stephen.statham@usdoj.gov |
| Internal Revenue Service<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | United States Attorney, Civil Process Clerk<br>1000 Louisiana Street #2300<br>Houston, TX 77002 |
| United States Attorney General<br>Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 | Texas Comptroller of Public Accounts<br>Revenue Accounting Division – Bankruptcy<br>Section<br>PO Box 13528 Capitol Station<br>Austin, TX 78711 |
| Texas Workforce Commission<br>TWC Building – Regulatory Integrity Division<br>101 East 15th Street<br>Austin, TX 78778 | Wyoming Dept. of Workforce Services<br>5221 Yellowstone Rd.<br>Cheyenne, WY 82002 |
| Wyoming Secretary of State<br>Business Division<br>Herschler Building East<br>122 W. 25th St., Ste 101<br>Cheyenne, WY 82002-0020 | **Top Twenty Unsecured Creditors:**<br>Abaco Drilling Technologies (Basin Tek)<br>713 Northpark Central, Suite 400<br>Houston, TX 77073<br>James.hanna@abacodrilling.com<br>(Committee Member) |
| Gator Technologies<br>415 Rankin Circle North<br>Houston, TX 77073<br>mleblanc@gatortechnologies.net<br>(Committee Member) | Park City Drilling<br>800 North Park Central, Suite 100<br>Houston, TX 77073<br>bferguson@parkcitydt.com<br>(Committee Member) |

| | |
|---|---|
| Wayne Kitchens<br>Alexander Perez<br>Hughes Watters & Askanase, LLP<br>1201 Louisiana Street, 28th Floor<br>Houston, Texas 77002<br>wkitchens@hwa.com<br>aperez@hwa.com | IAE International, Inc.<br>13300 Stonefield Dr.<br>Houston, TX 77014<br>Dave.howe@iaeintl.com<br>(Committee Member) |
| Hill Country Staffing Co.<br>501 S. Austin Avenue, Suite 1310<br>Georgetown, TX 78626<br>Deanna.miller@hillcountrystaffing.com<br>rshannon@parkinslee.com | B&T Rentals<br>PO Box 80962<br>Lafayette, LA 70598-0962<br>tvallot@btrentals.com |
| Moore's Ind. Services Ltd.<br>3333 – 23 Street N.E.<br>Calgary, Alberta T2E 6V8<br>bcheyne@mooresind.com | Sniper Drilling IAE International<br>13300 Stonefield Dr.<br>Houston, TX 77014<br>roxanne@iaeintl.com |
| GE Oil & Gas Compression Systems<br>191 Rosa Parks St., 11th Floor<br>Cincinnati, OH 45202<br>Roger.kramer@cooperservices.com | Tycoon Oilfield Services<br>3468 Schlager Road<br>Casper, WY 82604<br>cvermeulen@tycoonoilfield.com |
| TURNTEC<br>4820 Cleveland Street<br>Mills, WY 82604<br>banderson@turntecmfg.com | NOV Tuboscope XL<br>Hardbanding and Fabrication<br>PO Box 51563<br>Casper, WY 82605<br>Anthony.parker@nov.com |
| NOV National Oilwell Varco<br>7909 Parkwood Circle Dr. Bldg #2<br>Houston, TX 77036<br>Anthony.parker@nov.com | Bico Drilling Tools<br>1604 Greens Road<br>Houston, TX 77032<br>Jay.chatha@bicodrilling.com |
| Salt Creek Properties LLC<br>(Eastland Development LLC)<br>PO Box 2390<br>Casper, WY 82601<br>mthompson@mcmurry.net | Surface Engineering Alloy Co.<br>2895 46th Ave North<br>St. Petersburg, FL 33714<br>seanl@extremecoatings.net |

| | |
|---|---|
| Stabil Drill<br>PO Box 81548<br>Lafayette, LA 70598<br>mleblanc@gatortechnologies.net | JPI, LLC<br>4021 W 39th Street<br>Casper, WY 82604<br>Palmer4021@icloud.com |
| Paradigm<br>5707 South 1788<br>Midland, TX 79706<br>Phillip.garrison@paradigmdownholetools.com | **Secured Lender:**<br>SouthStar Financial LLC<br>c/o Lindsey W. Cooper Jr.<br>The Law Offices of L.W. Cooper Jr.<br>36 Broad Street<br>Charleston, SC 29401<br>lwc@lwcooper.com |
| **Parties Requesting Notice:**<br>Cynthia Castanon<br>Stacy & Baker, P.C.<br>1010 Lamar Street, Suite 550<br>Houston, TX 77002<br>Cynthia.castanon@stacybakerlaw.com<br>***For National Oilwell Varco, L.P*** | Brian A. Baker<br>Stacy & Baker, P.C.<br>1010 Lamar Street, Suite 550<br>Houston, TX 77002<br>Brian.baker@stacybakerlaw.com |
| Benjamin Lusky<br>Gordon Lusky, LLP<br>3417 Mercer Street, Suite A<br>Houston, TX 77027<br>ben@gordonlusky.com | Wells Fargo Vendor Financial Services,<br>LLC<br>c/o Ricoh USA Program f/d/b/a IKON<br>Financial Services<br>PO Box 13708<br>Macon, GA 31208-3708 |
| Montgomery County<br>c/o Linebarger Goggan Blair<br>& Sampson, LLP<br>PO Box 3064<br>Houston, TX 77253-3064<br>Houston_bankruptcy@publicans.com | Michael P. Ridulfo<br>Kane Russell Coleman Logan PC<br>5051 Westheimer Road, 10th Floor<br>Houston, TX 77056<br>mridulfo@krcl.com |
| Maria Bartlett<br>Doré Rothberg McKay, P.C.<br>17171 Park Row, Suite 160<br>Houston, Texas 77084<br>E-mail: mbartlett@dorelawgroup.net | Phillip P. Owens II<br>OWENS LAW OFFICE, PC<br>6907 N.W. 122nd Street<br>Oklahoma City, OK 73142-3903<br>po@owenslawofficepc.com |

| | |
|---|---|
| Panocean, Inc. d/b/a Road Runner Express<br>c/o Nima Taherian<br>701 N. Post Oak Rd., Suite 216<br>Houston, TX 77024<br>(ECF notification only, by request)<br><br>Ted L. Walker<br>THE WALKER FIRM<br>125 N. Main<br>P.O. Box 62<br>Jasper, TX 75951<br>twalker@walker-firm.com<br><br><br>Anabel King<br>Wauson Probus<br>One Sugar Creek Center Blvd.<br>Suite 880<br>Sugar Land, Texas 77478<br>aking@w-plaw.com<br><br>Anabel King<br>Wauson ♦ Probus<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br>Email:  aking@w-plaw.com<br><br>David W. Lauritzen<br>Cotton, Bledsoe, Tighe & Dawson, P.C.<br>500 W. Illinois, Suite 300<br>Midland, Texas 79701<br>Email:  dlauritzen@cbtd.com and<br>bwrangham@cbtd.com<br>Phone:  (432) 682-3672 | E. Michelle Bohreer<br>Pritesh Soni<br>Bohreer Law Firm PLLC<br>109 Post Oak Ln, Suite 425<br>Houston, TX 77024<br>Email: michelle@bohreerlaw.com<br>Email: pritesh@bohreerlaw.com<br><br>Justin W. R. Renshaw<br>Renshaw PC<br>2900 Weslayan, Suite 230<br>Houston, TX 77027<br>justin@renshaw-law.com<br><br><br>Matthew H. Morgan<br>Nichols Kaster, PLLP<br>80 South Eighth Street<br>4600 IDS Center<br>Minneapolis, Minnesota 55402<br>612-256-3200<br>612-338-4878 (Facsimile)<br>Email: Morgan@nka.com<br>and Assistant@nka.com<br><br>Al Ghaith Oilfield Supplies & Services Co.<br>Attn: Atif Arikat, Managing Director<br>P.O. Box: 268, Abu Dhabi,<br>United Arab Emirates<br>Email: atif.arikat@alghaith.ae<br><br>New Mexico Department of Taxation &<br>Revenue<br>Attn: Bankruptcy Unit<br>PO Box 8575<br>Albuquerque, NM 87198-8575 |
| | |