IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NEWSCO INTERNATIONAL ENERGY | § | CASE NO. 19-36767 (DRJ) |
| SERVICES USA, INC., | § | (Chapter 11) |
|     Debtor. | § | |

**TRUSTEE'S MOTION TO DISALLOW AND EXPUNGE CERTAIN CLAIMS**
**(NO W-9s/TAXPAYER INFORMATION)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. THIS MOTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM AND SCHEDULED DEBTS. CLAIMANTS RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT A, ATTACHED TO THIS MOTION. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 30 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT A HEARING OR FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND ANY HEARING ON THE MOTION. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE MOTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

Erik White, Trustee of the Newsco International Energy Services USA, Inc. Creditors' Trust (the "Trust")[1] files this Motion to Disallow and Expunge Certain Claims for failure of certain claimants to provide IRS Forms W-9 or other taxpayer information and documentation to the Trustee (this "Motion") and, in support, respectfully shows as follows:

---

[1] Erik White is referred to herein as the "Trustee."

A. **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(B).

2. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409(a).

B. **RELIEF REQUESTED**

3. The Trustee respectfully requests entry of an order, substantially in the form submitted with this Motion (the "Order") disallowing and expunging each claim identified on the attached **Exhibit A**, which is incorporated by reference for all purposes (collectively, the "Disputed Claims") because none of the listed claimants has submitted IRS Form W-9 or any other documents as requested and as required by Section 6.06 of the Trust and, as such, each such creditor should be deemed to have forfeited its entitlement to any distribution from the Trust.

C. **GENERAL BACKGROUND**

4. On December 4, 2019 (the "Petition Date"), the Debtor, Newsco International Energy Services USA, Inc. (the "Debtor") filed a voluntary petition with the Court under Chapter 11 of the Bankruptcy Code.

5. On January 25, 2021, the Debtor filed with the Court an Amended Plan of Reorganization (Doc. No. 225) (the "Plan"), which included, among other things, the establishment of the Trust for the benefit of certain unsecured creditors. *See* the Plan at Article IV (The Creditors' Trust).

6. On January 26, 2021, the Court signed Findings of Fact, Conclusions of Law, and Order Approving Disclosure Statement and Confirming the Debtor's Amended Plan of Reorganization (Doc. No. 232) (the "Confirmation Order").

7. Pursuant to the Plan and Confirmation Order, the Trust was established for certain claims against the Debtor, subject to certain requirements of the Trust.

8. Pursuant to Section 6.06 of the Trust,

> *In the event that: (i) a Beneficiary fails to provide the Trustee its employer or taxpayer identification number assigned by the Internal Revenue Service and such other records or documents necessary to satisfy the Trustee's tax reporting obligations (including, but not limited to, certificates of non-foreign status) within 60 days after the Trustee's written request for same . . . the Trustee shall hold such distribution for the affected Creditor for a period of sixty (60) days following the Distribution Date[2] of that distribution for the benefit of the Creditor.* ***If the affected Creditor does not make a demand, in writing, for such unclaimed distribution within the sixty-day period, the Creditor shall forfeit all entitlement to the distribution, and the distribution shall revert to the Trustee for distribution to the other remaining Creditors.***

*See* the Trust at Section 6.06, a true and correct copy of which is attached hereto as **Exhibit B** and incorporated by reference for all purposes (emphasis added).

9. On or about March 3, 2021, the Trustee determined in his discretion that adequate funds existed to make distributions to beneficiaries of the Trust and, as such, requested all parties who had filed proofs of claim to provide the Trustee with their IRS Forms W-9. A true and correct copy of the Trustee's request is attached hereto as **Exhibit C** and incorporated by reference for all purposes.

10. Despite the Trustee's written request, and the passage of more than one hundred and twenty (120) days from the date of such request, the individuals identified in Exhibit A have not provided the Trustee with any taxpayer identification numbers, IRS Forms W-9, or any other

---

[2] The Trust defines the "Distribution Date" as "the date(s) the Trustee may in his sole discretion make distributions" and, "[f]or each individual Beneficiary, the Distribution Date will be the later of forty-five (45) days after the Beneficiary's claim against the Bankruptcy Estate becomes final and non-appealable under applicable law ***or such date that the Trustee, in his sole discretion, determines that adequate funds exist to make such distribution to the Beneficiary.***" *See* Exhibit B, the Trust at Section 1.01(e) (emphasis added).

documents necessary for the Trustee to satisfy his tax reporting obligations for those individuals, nor has any of the individuals identified in Exhibit A made any written demand for any distribution it may have otherwise been entitled to from the Trust. As a result, all amounts otherwise payable for the Disputed Claims have been forfeited and are not claims for which the Trust is liable.

### D.  BASIS FOR RELIEF

11.  The Trust is not liable for the amounts claimed in Exhibit A as the claimants have not complied with the tax reporting obligations of the Trust and each claimant/creditor has therefore forfeited all entitlement to any distribution from the Trust. *See* Exhibit B at 6.06. *See also* Exhibit C (notifying prospective beneficiaries that their claims may be deemed forfeited).

12.  Failure to disallow and expunge the Disputed Claims will result in these claimants receiving unwarranted recoveries from the Trust to the detriment of other creditors and in violation of law as the Trustee cannot satisfy his tax reporting obligations for such distributions.

13.  For these reasons, the Trustee requests that the Court disallow and expunge each Disputed Claim in its entirety.

### E.  RESERVATION OF RIGHTS

14.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Trustee's rights under the Plan, the Bankruptcy Code, the Trust, or any other applicable law.

F.    **SEPARATE CONTESTED MATTER**

15.    To the extent that a response is filed regarding any Disputed Claim and the Trustee is unable to resolve any Disputed Claim, each such Disputed Claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Trustee requests that any order entered by the Court regarding the Disputed Claims or other reply asserted in response to this Motion be deemed a separate order with respect to each Disputed Claim.

G.    **NOTICE**

16.    Notice of this Motion has been given to: (a) all parties on the Master Service List; (b) the holders of the Disputed Claims; and (c) if known, counsel to any of the holders of the Disputed Claims. The Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

H.    **CONCLUSION**

For the forgoing reasons, the Trustee respectfully requests that the Court grant this Motion; enter an order substantially in the form of the order submitted with this Motion; and grant such other and further relief as the Court deems just and proper.

Dated: July 21, 2021.

Respectfully submitted,

**RENSHAW, P.C.**

/s/ *Justin W.R. Renshaw*
Justin W. R. Renshaw
SDTX Adm. ID No. 25865
Texas Bar No. 24013392
2900 Weslayan, Suite 360
Houston, Texas 77027
Phone: (713) 400-9001
Fax: (713) 400-9006
justin@renshaw-law.com

*Counsel for Erik White, Trustee*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on all other parties of record by electronic transmission, e-service (ECF), and/or U.S. Mail this 21st day of July, 2021.

                                         /s/ *Justin W.R. Renshaw*
                                         Justin W. R. Renshaw